Before STATE INDUSTRIAL BOARD, Respondent.

ETTA GIBBS, Respondent, *v.* R. H. MACY & Co., INC., and Another, Appellants.

Third Department, November 12, 1925.

Workmen's compensation — injuries arising out of and in course of employment — claimant, store detective, attended court for employer and was injured on way home from court — claimant suffered injury in course of employment.

The claimant, a store detective, whose duties required her to appear in court for her employer, as well as to work at her employer's store, suffered an injury arising out of and in the course of her employment, since it appears that she was required to attend court on a Sunday morning and that she suffered the injury in question while on her way to her home after her duties had been performed at the court.

APPEAL by R. H. Macy & Co., Inc., and another, from an award of the State Industrial Board, made on the 19th day of November, 1924.

*William Butler* [*Jeremiah F. Connor* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

The Workmen's Compensation Law distinguishes between an employee " upon the premises or at the plant " of the employer, and an employee " in the course of his employment away from the plant of his employer." (§ 2, subd. 4.) It is familiar law

that a plant worker in traveling to and from the plant is not in the course of his employment. (*Matter of McInerney* v. *Buffalo & S. R. R. Corp.*, 225 N. Y. 130; *Scanlon* v. *Herald Co.*, 201 App. Div. 173; *Coman* v. *Model Dairy Co.*, 210 id. 503.) It is equally well settled that a non-plant worker, while traveling the public streets on his way to do an errand or perform a service for his employer, is within the protection of the Workmen's Compensation Law. (*Hospers* v. *Hungerford-Smith Co.*, 194 App. Div. 945; *Fuld* v. *Solomon Co.*, 197 id. 911; *Goater* v. *D'Olier*, 198 id. 959; *Roberts* v. *Newcomb & Co.*, 201 id. 759; *Habbershaw* v. *Shepard Co.*, 197 id. 910.) These cases are reviewed in *Harby* v. *Marwell Brothers, Inc.* (203 App. Div. 525). In the *Harby* case the employee was a traveling salesman. He was on his way from his home with his sample case to take a train to visit customers in a nearby village when he was struck and killed. It was held that he was in the course of his employment. The claimant in the case at bar was both a plant worker and a non-plant worker. She was a store detective and ordinarily labored in the store of her employer from nine to six. On occasions it became necessary for her to attend court in various localities to give testimony in shoplifting cases. Such a case, requiring her attendance, was on trial on a certain Sunday morning at Jefferson Market Court at Eighth street and Sixth avenue. Claimant left her home in The Bronx at ten A. M., took the subway, and attended at the court house. The case having been disposed of she started for home at about a quarter to twelve. After leaving the subway, and while walking toward her home, she was struck by a motorcycle and injured. It is urged that, because claimant's duty had been fully performed when she left the Jefferson Market Court, she was not thereafter in the course of her employment. We cannot agree with this contention. Had claimant, at the close of the working day, in the course of going home, momentarily stopped midway to deliver a message for her employer, doubtless she would have been, after the message had been delivered and her journey had been resumed, no longer in the course of her employment. In such a case the purposes of her master, and the desires of herself, would for a time have coincided. After the delivery of the message, however, the claimant would have resumed the simple character of a plant worker traveling home after the day's work. We have here an entirely different case. Concededly the claimant's duty to her master made necessary the journey from The Bronx to the Jefferson Market Court. Of that journey the homeward journey was a necessary counterpart. If her employment caused the former it equally caused the latter. The return journey, upon which she

was injured, would not have been taken except for an obligation of her employment. We think that she was in the course of her employment when injured.

The award should be affirmed, with costs to the State Industrial Board.

Award unanimously affirmed, with costs to the State Industrial Board.