NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOSEPH PALACONO, PETITIONER, v. GARFIELD MANU-
FACTURING COMPANY, RESPONDENT.

For the petitioner, *Nicholas Martini.*

For the respondent, *John T. Fitzgerald.*

\*        \*        \*        \*        \*        \*        \*

I do find and determine from the evidence that the peti-
tioner has failed to sustain the averments of his petition, or
otherwise to establish a right to compensation under the
statute. The burden of proof rests upon the petitioner in
showing by affirmative proof that the injuries complained of
herein are the result of an accident, arising out of and in
the course of his employment with the respondent. In this
he has failed in his proof.

Upon reviewing the testimony, it appears that petitioner
was struck down and seriously injured by a "hit and run"
automobilist, while in an act of crossing the street on which
the respondent's plant is located in the town of Garfield,
preparatory to reporting for work after the conclusion of the
noontime lunch period. By rules, established by the re-
spondent, employes were given one hour for lunch and recrea-
tion from twelve o'clock noon until one P. M. During this
hour, the employes were permitted to leave the premises and
partake of their luncheons wherever they desired. It must
therefore be conceded that during this lunch period, the

contract of employment was temporarily suspended. Surely the employes were performing no work nor furthering the interest of the respondent while away from the premises and while on a mission purely personal to themselves. The accident sustained by the petitioner was one not arising out of and in the course of employment, but an ordinary street hazard, the risk of which is commonly shared by the general public. In *Bryant* v. *Fissell,* 84 *N. J. L.* 72, the court held "an accident arises in the course of employment if it occurs while the employe is doing what a man so employed may reasonably do within the time which he is reasonably employed and at place where he may reasonably be during that time. An accident arises out of the employment when it is something, the risk of which might have been contemplated by a reasonable person when entering the employment as incidental to it. A risk is incidental to the employment when it belongs to or is connected with what a workman has to do in fullfilling his contract of service."