BISDOM *v.* KERBRAT.

Master and Servant—Workmen's Compensation Act—Street Accident—Course of Employment.

Where employee, part of whose duty was to assist employer in soliciting landscape jobs, was accidentally killed while, at employer's direction, he was on his way home in automobile furnished and maintained by employer to eat his dinner, change his clothes, and return to employer's home to accompany him on call and assist in soliciting job, his death arose out of and in course of his employment within meaning of workmen's compensation act.

Certiorari to Department of Labor and Industry. Submitted June 13, 1930. (Docket No. 83, Calendar No. 35,043.) Decided October 3, 1930.

Clara Bisdom presented her claim for compensation against Frank Kerbrat, employer, and Indemnity Insurance Company of North America, insurer, for the accidental death of her husband while in defendant's employ. Defendants review award to plaintiff by certiorari. Affirmed.

Injuries received while on the street on errand for employer before or after hours of work as "arising out of and in the course of the employment," see annotation in 7 A. L. R. 1078.

*C. H. & G. M. Lehman,* for plaintiff.

*Bishop & Weaver,* for defendants.

BUTZEL, J.  Frank Kerbrat and the Indemnity Insurance Company of America, defendants, have appealed from a compensation award made to plaintiff, the widow of Ruloef Bisdom.  Kerbrat was in the landscape gardening business in the city of Detroit and surrounding territory.  He employed Bisdom not only to superintend jobs but also to assist in obtaining them.  Each morning he assigned to Bisdom the work for the day.  He provided him with a Ford pick-up car and paid the expenses of maintenance.

Although as a rule Bisdom's working day would end at 5:30 p. m., at times he was called upon to work later.  At 4:30 p. m., on August 31, 1929, he was directed by Kerbrat to go to his home in Mt. Clemens, a considerable distance from the job where he was working, eat his dinner, change his clothes, and then almost immediately return to Detroit and call for his employer at the latter's home and accompany him to Grosse Isle, Michigan, in order to assist in soliciting a job for landscape gardening. Kerbrat was a Belgian; he spoke English with difficulty and required Bisdom's assistance in making estimates and soliciting contracts.

When Bisdom left at 4:30 p. m. his day's work was not finished.  He was not going home for the night, but only to eat his dinner and change his attire, so as to make a more presentable appearance while continuing his day's work.  Bisdom, while on his way home, met with an automobile accident which resulted in his death.  He was acting within the course of his employment and in accordance with the

directions of his employer at the time he suddenly met with his death through the hazards incurred on the public highway. The injuries arose out of the employment. The case is ruled by a long line of cases including *Kunze* v. *Detroit Shade Tree Co.*, 192 Mich. 435 (L. R. A. 1917A, 252); *Stockley* v. *School District*, 231 Mich. 523; *Widman* v. *Murray Corporation of America*, 245 Mich. 332; *Morse* v. *Railroad Co.*, ante, 309.

The award is affirmed, with costs to appellee.

WIEST, C. J., and CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.