EDWARD N. GILROY, RESPONDENT, v. STANDARD OIL COMPANY, A NEW JERSEY CORPORATION, APPEL-LANT.

Argued February 12, 1930—Decided October 20, 1930.

For the respondent, *Francis A. Gordon.*

For the appellant, *Lindabury, Depue & Faulks (J. Edward Ashmead* and *Frederic J. Faulks,* of counsel).

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the Supreme Court on November 8th, 1929, by the respondent, Edward N. Gilroy, against the appellant, Standard Oil

Company, a New Jersey corporation, upon a verdict in favor of the respondent for $49,722. The action was brought at common law for damages sustained by the respondent, who was the plaintiff below, resulting from personal injuries sustained by him while employed by the appellant, the defendant below, at its oil refinery in Bayonne, New Jersey. The defendant occupied several acres of ground in Bayonne, on which was constructed its plant for the refining of oil and for the manufacture of various products such as oil, gasoline, naphtha, kerosene, illuminating gas, &c. There were various tanks erected on the premises which held the various products made from the crude oil. The plaintiff, Gilroy, had worked for the company for a number of years prior to the accident. At the time of the accident he worked on eight-hour shifts. On the day of the accident he had finished his work on his particular shift before he left his place of work in the defendant's refinery. After leaving his place of work he went through a gate, which opened from the defendant's property onto what is known as the Hook road, a public highway which bounded for some distance each side of defendant's plant. He entered the automobile of a friend, and while riding in this automobile passed one of the pump houses erected on the plant of the defendant. This pump house was some distance from the place where the plaintiff's work was carried on. As the plaintiff was passing this pump house an explosion took place in the pump house and a mass of flame burst out from the same. The plaintiff was thrown from the automobile into the flame and was severely burned. The case was submitted to the jury by the trial judge and resulted in a verdict in favor of the plaintiff. The defendant has appealed here.

There are two questions argued on the appeal: First, this court is asked to reverse the judgment under review on the ground that the case presented a matter which should have been brought before the workmen's compensation bureau; that the common law courts had no jurisdiction over it. Defendant claims this on the ground that the proofs showed that the accident arose out of and in the course of the em-

ployment of the defendant and should have been brought under the Employer's Liability act of this state. This question was raised by motions made by the defendant's counsel for a nonsuit and also for the direction of a verdict in favor of the defendant. We are of the opinion that the trial judge properly refused to grant these motions. The plaintiff had ceased work and his duties for the day were over. He had left the company's premises and his time was his own, free from any obligations to the company, nor had the company any claim on him. The fact that the highway was near the company's plant or that it came in close contact with the company's equipment has no effect in continuing or establishing the relation of master and servant between the plaintiff and the defendant. The Employers' Liability act only applies where the accident arises out of the employment and occurs in the course thereof. The accident did not arise out of the employment for the reason that the defendant was traveling along a public road at the time it occurred and was not on the premises of the defendant when it happened. The accident did not occur in the course of the plaintiff's employment for he had ceased the work for which he was employed before the accident and had left the premises of the defendant and was proceeding on his way home. Counsel for the defendant refers to a number of cases in his contention that the common law courts had no jurisdiction over this case. They refer especially to the case of *Bolos* v. *Trenton Fire Clay, &c., Co.,* 102 *N. J. L.* 479, which was affirmed by this court on the opinion below in 103 *Id.* 483. The case referred to is entirely different in its legal aspect from the case before us here. In the Bolos case the employe during the noon hour was eating his lunch in a barn on the employer's property. Just after he had finished his lunch the factory whistle blew recalling all the employes to their work. The barn in which Bolos was at that time was near the company's garage, in which garage the company kept its trucks. As Bolos started back upon the blowing of the whistle to another part of the premises where he was working, one of the employer's trucks came from the garage near the barn and

he jumped on the running board to ride a few hundred feet to that part of the factory where his work was carried on. The truck traveled over a public road from the garage entrance to the entrance into the employer's property. As it turned into this entrance from the public road Bolos fell off and was injured. Bolos was still in the course of his employment. He was going from one part of his employer's plant to another for the purpose of resuming his work. Consequently the Bolos case came within the Workmen's Compensation act. There are a number of other cases cited by defendant's counsel on this point, such as *Terlecki* v. *Straus,* 86 *N. J. L.* 708, and *Zabriskie* v. *Erie Railroad Co.,* 86 *Id.* 266. In these cases the employe was either still in the course of his employment or had not left the premises of the employer and are not controlling in the case under review.

The other point argued by the appellant is that the trial court erred in stating to the jury that this was a case in which the doctrine of *res ipsa loquitur* was applicable. We think the learned trial judge was right in declaring that this doctrine applies to the present case. The explosion of the gas at the pump house and the ignition of oil which followed the explosion caused the injury to the plaintiff which indicated that the defendant had been careless either in the construction or the maintenance of this part of the plant. The rule is that when an injurious accident occurs arising out of conditions which are wholly within the control of the defendant where such accident would not ordinarily arise in the absence of want of care, the jury may draw from the fact that the accident did occur, an inference of negligence. In this case the plaintiff was upon the public highway passing close to the defendant's structures and plant as any other person might have done. The gas or oil which exploded was a highly dangerous one unless properly confined and cared for. The explosive was entirely within the control of the defendant and the means of obtaining the information as to its condition and the causes which impelled the explosion were wholly within the defendant's possession. On this point the plaintiff cites the case of *Levendusky* v. *Empire Rubber*

*Manufacturing Co.,* 84 *N. J. L.* 698. In the Levendusky
case the boiler on defendant's premises exploded and injured
an employe who was upon a public highway at the time. It
was held in that case that the doctrine of *res ipsa loquitur*
did not apply. This ruling, however, by the court was solely
on the ground that the plaintiff's evidence indicated that he
had knowledge of the nature of the explosion which he was
withholding. The recent cases on this doctrine tend to estab-
lish the principal that when proof of the happening of an
accident of this nature is given, such proof is sufficient to put
the defendant on his defense to prove the contrary.

This rule is laid down in the case of *Mannon* v. *Vesper
Lodge of Independent Order of Odd Fellows, &c.,* 97 *N. J.
L.* 215, and also in the case of *Mumma* v. *The Easton and
Amboy Railroad Co.,* 73 *Id.* 653. The rule applied in those
cases is that when through any instrumentality, under the
control of a defendant, an occurrence takes place which in-
jures the plaintiff, and which in the ordinary course of events
would not take place if the defendant in control was exer-
cising due care, such occurrence itself, in the absence of a
proper explanation by the defendant, affords *prima facie* evi-
dence that there was lack of due care. The situation in this
case and the occurrence of the explosion were such that the
defendant was called upon to absolve itself from liability by
proving proper construction and proper maintenance.

Even if the doctrine of *res ipsa loquitur* were not applicable
in this case, we are of the opinion that there was sufficient
evidence from which a jury could infer negligence. Witnesses
produced by the plaintiff testified to the presence of a gas
odor and of an excessive pressure of gas in the tank prior to
the time of the accident; that the tank was old and defective
and that very inflammable substances were present close to
the gas holder and pump house, and also to the fact that the
pumps had been left unattended throughout dangerous periods
of time and for such a length of time as to impute knowledge
of such conditions to the defendant. This evidence was suffi-
cient to justify the court in submitting the case to the jury.

The case below is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 12.

*For reversal*—None.