FRANCES GULLO, PROSECUTOR-RESPONDENT, v. AMERICAN LEAD PENCIL COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued October 25, 1937—Decided January 26, 1938.

For the appellant, *Drewen & Nugent* (*John Drewen*).

For the respondent, *Edward Slover*.

The opinion of the court was delivered by

LLOYD, J. This is a workmen's compensation case. The essential facts are few and not in dispute. The respondent was employed as a lead sorter in the factory of the appellant, and while passing along the sidewalk in front of the factory premises she was injured through falling on the ice that had collected there.

There were a number of entrances to the factory, at least two on the side where the accident occurred—a small gate used only by persons on foot and another, a large entrance with double gates used by vehicles as well as pedestrians. The respondent, when she fell, was passing in front of the large gates intending to use the smaller entrance. The hour was seven-fifty in the morning, and work in the factory began at eight o'clock.

It was on these facts that the claim was rejected in the compensation bureau, the rejection affirmed by the Court of Common Pleas, and the judgment of affirmance reversed in the Supreme Court.

We do not see our way clear to follow the final ruling in the cause. The claim must come within the statute which in its contractual phase removes the parties in such case from many of the common law obligations of master and servant, substitutes therefor a contractual relation of its own, and provides compensation for an employe injured by "accident arising out of and in the course of employment." In this we think it failed.

The narrated facts clearly establish both an accident and an injury to the employe, but in no sense can it be said to have arisen out of and in the course of the employment, and this because the employment in the terms of the statute had not yet begun.

In seeking the proper construction of the statute, where is the boundary between employment and non-employment to be found if not in the facts of the present case. Is it when the employe is within a few feet of the place of employment, but still on the public highway in no way connected therewith, and not where the distance intervening is multiplied few or many times? Is it when one starts on the journey from home to factory? If not, at what point between does employment begin? There must come a time when the employe is on his own. At the moment of the accident the respondent was not in employment. The time and place were her own; she could proceed or turn back. She was in no sense in the service of the employer at the moment.

In so ruling we are not unmindful of our cases giving a liberal construction to the scope and purposes of the statute. On the other hand we are not at liberty either by addition or by interpretation to read into the act that which neither will justify.

The cases of *Terlecki* v. *Strauss*, 85 *N. J. L.* 454; *affirmed*, 86 *Id.* 708; *Bolos* v. *Trenton Fire Clay Co.*, 102 *Id.* 479; *Ramsey* v. *Leahey*, 102 *Id.* 513, cited by respondent, are none of them helpful to the respondent, nor is citation from *Chance's Workmen's Compensation Laws* 29, to the effect that liability exists to one injured upon a road provided by the employer and while the employe is actually within the

employer's premises. These authorities all recognize that there must be some relation of the place of injury (where that is the basis of claim) to the employment in that it is provided by the employer for the employes' use. In the case of *Cudahy* v. *Parramore*, 263 *U. S.* 418, the Supreme Court said the construction of the Utah Supreme Court of its own statute (differing materially from our own) was binding on it. The public highway as a means of approach to the Cudahy plant was the only approach and the one provided by the company. Not so here. The street was a public highway on which the public in general had the paramount right of user and this of course included the sidewalk. The property of the adjacent owner in the bed of the street, if such ownership existed, is subject to such use and in nowise created in that ownership a road or way peculiar to the employer, nor did it make the street a part of the premises for the purposes of its business. The highway was used by the adjoining owner exactly as every other member of the public might use it, and by no other right. The incidence of proximity can add nothing thereto.

We are not impressed by the rather fanciful argument that because the employer cleaned off some of the snow it implied that the sidewalk was part of the premises. This is exactly what every good citizen does who has regard for his fellow men; sometimes voluntarily, sometimes by force of legal compulsion. If the latter it is incident to the possession or ownership; not to the business conducted on the abutting property. The action of the appellant was certainly not an assumption of control of the highway or of any special right therein.

The fundamental question was considered by this court in the case of *Gilroy* v. *Standard Oil Co.*, 107 *N. J. L.* 170. There as here the plaintiff was on the public highway adjoining his place of employment after ceasing work for the day, when an explosion on these premises injured him. There it was after the day's work had ceased; here it was before it had begun. It was held by this court that no liability attached under the compensation laws and that *Bolos* v. *Trenton Fire Clay Co., supra,* was not applicable.

The judgment is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, DONGES, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 10.