NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ANITA STRAHLENDORFF, PETITIONER, v. BOARD OF EDU-
CATION OF TOWNSHIP OF RIDGEFIELD PARK, RE-
SPONDENT.

Decided February 28, 1939.

For the petitioner, *Abram A. Lebson.*

For the respondent, *Cox & Walburg.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

1. The petitioner testified that she was a French teacher
working at the Ridgefield Park school. On January 25th,
1938, somewhere around twelve-forty-five she fell on the side-
walk in front of the school steps. She testified that she had
gone to lunch and upon her return from lunch had not yet
reported to the school or entered the school building. She
testified as to certain rules and regulations and requirements
of teachers having to do with their responsibility for the
conduct of school children going to and from school. She
was presented with certain photographs but did not care to
identify any of them as indicating the corner or place where
the accident occurred. She further seemed to be unable to
state what caused her to fall, that is whether it was by reason
of the curb or sidewalk or the condition of the place where
she was walking. It appears that the sidewalk in front of
the school was concrete and except for that portion directly
in front of the steps, has a grass plot on either side; a section
of grass being between the inside edge of the walk and the

school building and the outside edge of the walk and the curb. She was presented with a statement which she admitted she signed and read and it appears at the time she made the statement she said she tripped on the sidewalk or curb at the southeast corner of Bergen avenue and Hobart street. At that time she stated that she was returning to the high school coming back from lunch when this occurred.

2. Certain exhibits were placed in evidence and the testimony of Mr. Theall, who interviewed the petitioner, was taken and two photographs were identified. This witness also testified that the southeast corner was across the street from the location of the school and that with respect to that corner where the school was located the distance from the steps of the school to the corner curb was a distance of approximately eighteen feet.

3. After consideration of the testimony adduced before me, having in mind the testimony of the petitioner and the previous statement made by her and having a chance to consider the manner in which her testimony was given, it is my opinion that we are dealing here with a case involving an injury occurring on a public sidewalk and occurring at a time when the party involved was not in the course of her employment. In my opinion the petitioner was still in the act of returning from her lunch to go to the school where she was a French teacher. For some unknown reason she fell at or in close proximity to a corner near the school but upon the public sidewalk. In my opinion her accident was a result of a risk to which the public generally was subjected and not one to which she was peculiarly subjected as an employe of the Board of Education and I so find as a fact.

It is, therefore, * * * ordered, that the petition herein be dismissed and judgment entered in favor of the respondent.

JOHN C. WEGNER,
*Deputy Commissioner.*