ALBERT G. KURNATH, NICHOLAS R. SCHAUB, JOHN J. SKURSKI AND PETER MARKOVIC, PROSECUTORS, v. STATE OF NEW JERSEY, DEFENDANT.

Submitted January 19, 1943—Decided April 30, 1943.

Before Justices CASE and DONGES.

For the prosecutors, *Greenburg, Wilensky & Feinberg* (*Bernard Feinberg* and *Robert J. Rubacky*).

For the respondent, *David T. Wilentz,* Attorney-General, and *Sackett M. Dickinson.*

The opinion of the court was delivered by

CASE, J. The only question, as the case comes before us, is whether the prosecutors, who were members of the New Jersey National Guard, were in the performance of any duty ordered by competent authority at the time they received their injuries. The claims were submitted to the Adjutant-General under *R. S.* 38:11-1, *et seq.,* and were denied by the Military Board and by the Adjutant-General upon the ground that the injuries were not received while the claimants were in the performance of such a duty. That denial is under review. Prosecutors had been on active duty, December 15th, 1939, at Camp Dix and on that day obtained a pass authorizing them to be absent from their post from seven o'clock P. M., that day, until two o'clock A. M. of the following day, December 16th. They used the interval for their own purposes and shortly after midnight of December 16th as they were return-

ing in an automobile owned and driven by one of their number were injured in an accident caused by the automobile leaving the highway. and colliding with a tree.

The statute provides:

"1. *Medical service ard compensation for injuries.* . Any member of the national guard * * * who, while at drill or in the performance of any duty ordered by competent authority, shall receive any injury * * * shall receive from the state * * * medical service and compensation therefor in accordance with article 2 of chapter 15 of the title Labor and Workmen's Compensation (§ 34:15-7 *et seq.*).

"2. *Method of determining compensation.* Compensation for illness or disease contracted while on duty or as the result of exposure incident thereto, shall not be restricted to disabilities covered by the occupational diseases enumerated in section 34:15-31 of the title Labor and Workmen's Compensation, but shall be payable for any illness or disease for which the service can be held responsible. * * *

* * * * * * *

"4. *Compensation determined for permanent disability.* If any member of the national guard * * * shall be injured or disabled at drill or in line of ordered duty in the active service of the state, and such injury or disability shall be of a permanent nature the person so injured or disabled shall receive the same compensation as is provided in article 2 of chapter 15 of the title Labor and Workmen's Compensation (§ 34:15-7 *et seq.*) for injuries of a similar nature. * * *

"5. *Compensation determined for dependent of deceased soldier.* If any member of the national guard * * * shall receive injuries at drill or in line of ordered duty in the active service of the state resulting in death, the dependent members of the family of the deceased, if there be such, shall receive the same compensation as is provided in article 2 of chapter 15 of the title Labor and Workmen's Compensation (§ 34:15-7 *et seq.*). * * *"

Our legislature built the Militia Compensation Act, in part, upon the Workmen's Compensation Act. Under that act a person injured in going to or from work is not compensated, *Gullo* v. *American Lead Pencil Co.,* 119 *N. J. L.* 484; *Grot-*

*sky* v. *Charles Grotsky, Inc.,* 121 *Id.* 461; *affirmed,* 124 *Id.* 572, unless under special circumstances, such as that the workman was still within the ambit of his employment, *Fury* v. *New York and Long Branch Railroad Co.,* 127 *Id.* 354, or the employer had agreed to transport or had made a practice of transporting the workman to and from work, *Rubeo* v. *Arthur McMullen Co.,* 117 *Id.* 574.

Prosecutors argue that the case should be decided in conformance with two or three opinions said to have been given by the office of the United States Attorney-General to a federal department upon the significance of the words "line of duty" as contained in the federal statute. But the comprehensive first section of our statute requires that the injury shall have been received "at drill or in the performance of any duty ordered by competent authority." We think that the words "at drill or in line of ordered duty in the active service of the state," as used in sections 4 and 5, must be interpreted in the light of section 1 just mentioned and with the expression "while on duty or as the result of exposure incident thereto" contained in section 2. Prosecutors were not on duty and were not on call for duty. It is true that at the hour of two o'clock their leave of absence would expire and it would then be their duty to be at the camp. That would mark the end of their "time off." Until then they were free.

We conclude that the findings and action of the Military Board and of the Adjutant-General were legally correct and should be affirmed.

We call the attention of counsel to the fact that the leave granted to use a stipulation of facts in lieu of depositions did not waive a return by the Adjutant-General in accordance with the direction in the writ. A return should have been certified.