## L. CECILIA BOBERTZ, PETITIONER-RESPONDENT, v. BOARD OF EDUCATION OF THE TOWNSHIP OF HILLSIDE, COUNTY OF UNION, STATE OF NEW JERSEY, RESPONDENT-PROSECUTOR.

Argued May 7, 1946—Decided September 17, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the respondent, *Milton A. Feller* and *Peter L. Hughes, Jr.*

For the prosecutor, *Wilbur A. Stevens.*

The opinion of the court was delivered by

WACHENFELD, J. This writ of *certiorari* brings up a judgment of the Union County Court of Common Pleas in a workmen's compensation case. That court affirmed the determination of the Bureau, which awarded compensation in accordance with the prayer of the petition.

For approximately eight years the respondent was employed as a teacher by the prosecutor, Hillside Board of Education. In addition to her duties of teaching, she served as faculty advisor for the Junior Girls Reserve Club, which was composed of student members of the school. Like all other teachers of that school system, she was required to assume and perform extracurricular activities. Opportunity was afforded the teachers to select a particular activity, but upon failure to do so, an activity was assigned to them. Respondent selected this duty, which required her to attend all meetings of the club held at the school or elsewhere. If she refused to perform these extra duties, her rating and standing as a teacher would be adversely affected. It would also be considered in making promotions and fixing salary increases.

The importance of this particular extracurricular work is further indicated by the fact that when these meetings interfered with the teaching of regular classes, the principal of the school took over the classes in order that the teacher could attend the meeting assigned her.

On December 21st, 1943, the respondent, as such faculty advisor, attended a meeting and Christmas party of the Junior Girls Reserve Club of Hillside at the Y. W. C. A. in Elizabeth. Upon termination of the party somewhat after 9 :30 P. M., she walked to the corner of East Jersey Street and Madison Avenue, which is one-half block from the Y. W. C. A., to her parked car. She unlocked the door opposite the driver's seat, slid over behind the steering wheel, put on the lights, and started the motor. She was then struck on the head from the rear by someone in the back of the car, who immediately ran away. (Although both the Bureau and the court below found that the unknown assailant seized and took away her handbag, there is no testimony to that effect in the record, and for the purpose of this review that fact will be disregarded.) She ran for help and was then driven in her car to the Elizabeth General Hospital, where she remained for fifteen days. She suffered lacerations and a fractured skull causing $17\frac{1}{2}\%$ of partial permanent disability.

The question presented is whether or not, after an independent determination by this court of the facts and law

(*R. S.* 2:81–8), the assault from which the respondent's injury resulted was (a) an accident, (b) arising out of, and (c) in the course of her employment. *R. S.* 34:15–7, *et seq.* The basic case defining the scope of these terms is *Bryant, Admx.*, v. *Fissell*, 84 *N. J. L.* 72. There the court held the injury was the result of an "accident" within the purview of the Workmen's Compensation Act, because it "is an unlooked-for mishap or untoward event which is not expected or designed." The court also held, "And a risk may be incidental to the employment when it is either an ordinary risk directly connected with the employment, or an extraordinary risk which is only indirectly connected with the employment owing to the special nature of the employment." *Giracelli* v. *Franklin Cleaners and Dyers, Inc.*, 132 *Id.* 590.

In *Geltman* v. *Reliable Linen and Supply Co.*, 128 *N. J. L.* 443, the court held, "In fine, there must needs be a causal connection between the accident and the employment or it does not fall into the statutory class. If the danger was one to which the employee was exposed because of the nature of his employment, the accident arose out of the employment. It is in this category if there be a causal relation between the injury and the conditions under which the work is required to be done. The service is then a contributing proximate cause; the injury is traceable to a hazard of the employment. It need not have been foreseen or expected; it suffices if the injury flowed as a rational consequence from a risk connected with the employment."

Additionally, relative to the question whether or not the accident occurred "in the course" of employment, it is the general rule that an accident occurring to an employee away from the employer's premises while going to or returning from work does not arise out of and in the course of employment. *Gilroy* v. *Standard Oil Co.*, 107 *N. J. L.* 170; *Gullo* v. *American Lead Pencil Co.*, 119 *Id.* 484; *Grady* v. *Nevins Church Press Co.*, 120 *Id.* 351.

There are, however, certain exceptions to this rule, and the question arises whether or not an employee who is performing special services after regular working hours is to be considered as commencing the employment the moment he leaves his

home, or the place where the call comes to him, and ending only with his return. Although the question has been considered by the Workmen's Compensation Bureau, it has not been passed upon by this court.

Many other jurisdictions have clearly approved this exception to the general rule and have held, "An exception to the aforesaid general rule is found in cases where it is shown that the employee, although not at his regular place of employment, even before or after customary working hours, is doing, is on his way home after performing, or on the way from his home to perform, some special service or errand or the discharge of some duty incidental to the nature of his employment in the interest of, or under direction of, his employer. In such cases, an injury arising en route from the home to the place where the work is performed, or from the place of performance of the work to the home, is considered as arising out of and in the course of the employment." *Kyle* v. *Greene High School*, 208 *Iowa* 1037; 226 *N. W. Rep.* 71, 72; *England* v. *Fairview School District No.* 16 *of Power County et al.*, 58 *Idaho* 633; 77 *Pac. Rep.* (2*d*) 655; *Reisinger-Siehler Co. et al.* v. *Perry*, 165 *Md.* 191; 167 *Atl. Rep.* 51; *Mann et al.* v. *Board of Education of City of Detroit*, 266 *Mich.* 271; 253 *N. W. Rep.* 294; *Nehring* v. *Minnesota Mining and Manufacturing Co.*, 193 *Minn.* 169; 258 *N. W. Rep.* 307.

Although the special service is incidental to the employee's regular employment, it obviously subjects him to additional travel risks which would not otherwise be encountered. These added duties performed at the direction of the employer for the latter's benefit justify the exception.

Applying the above principles to the instant case, it is clear that the injury sustained was the result of an "accident" as contemplated by the Workmen's Compensation Act. The assault which the respondent suffered was an unlooked-for mishap, an untoward event which was not expected or designed. At the time of the injury she was pursuing a special assignment as part of her employment; therefore, the assault occurred "in the course of" her employment. Finally, it is equally clear that the assault arose "out of" respondent's

employment. Her special assignment necessitated her use of the highway at night.

One of the risks of the highway is an assault. *Gargano* v. *Essex County News Co.*, 129 *N. J. L.* 369. There, in admitting the lack of motive for the assault, the court said, "Whether that be so or not, we think the risk grew out of the character of the employment in that his employment required him to be where he was at that hour of the night under the conditions then existing at that place. The danger was one to which he was exposed because of the nature of his employment."

We are satisfied from the testimony in this case that what happened was an accident directly attributable to a risk of the highway to which the employment exposed the respondent, and that the assault was related to the employment and comes within the statutory definition.

The prosecutor relies upon *Giles* v. *W. E. Beverage Corp.*, 133 *N. J. L.* 137, affirmed by the Court of Errors and Appeals. The instant case turns upon the risks incidental to the use of the highway, which was not involved in the *Giles* case.

Here the evidence shows that the accident was a hazard incident to the use of the highway while the employee was in pursuit of her employer's business. *Geltman* v. *Reliable Linen and Supply Co.*, *supra*.

The judgment is affirmed, with costs.