L. CECELIA BOBERTZ, DEFENDANT-RESPONDENT, v. BOARD OF EDUCATION OF THE TOWNSHIP OF HILL-SIDE, COUNTY OF UNION AND STATE OF NEW JERSEY, PROSECUTOR-APPELLANT.

Submitted February 4, 1947—Decided May 15, 1947.

For the respondent, *Milton A. Feller* and *Peter L. Hughes, Jr.*

For the appellant, *Wilbur A. Stevens* and *Cox & Walburg* (*Arthur F. Mead,* of counsel).

The opinion of the court was delivered by

COLIE, J. This is an appeal in a workmen's compensation case in which the Bureau, the Court of Common Pleas and the Supreme Court found that the employee, Cecelia Bobertz, sustained an accident arising out of and in the course of her employment. The facts as found by the Supreme Court are as follows:

"For approximately eight years the respondent was employed as a teacher by the prosecutor, Hillside Board of Education. In addition to her duties of teaching, she served as faculty advisor for the Junior Girls Reserve Club, which was composed of student members of the school. Like all other teachers of that school system, she was required to assume and perform extracurricular activities. Opportunity was afforded the teachers to select a particular activity, but upon failure to do so, an activity was assigned to them. Respondent selected this duty, which required her to attend all meet-

ings of the club held at the school or elsewhere. If she refused to perform these extra duties, her rating and standing as a teacher would be adversely affected. It would also be considered in making promotions and fixing salary increases.

"The importance of this particular extracurricular work is further indicated by the fact that when these meetings interfered with the teaching of regular classes, the principal of the school took over the classes in order that the teacher could attend the meeting assigned her.

"On December 21st, 1943, the respondent, as such faculty adviser, attended a meeting and Christmas party of the Junior Girls Reserve Club of Hillsdale at the Y. W. C. A. in Elizabeth. Upon termination of the party somewhat after 9:30 P. M., she walked to the corner of East Jersey Street and Madison Avenue, which is one-half block from the Y. W. C. A., to her parked car. She unlocked the door opposite the driver's seat, slid over behind the steering wheel, put on the lights, and started the motor. She was then struck on the head from the rear by someone in the back of the car, who immediately ran away. (Although both the Bureau and the court below found that the unknown assailant seized and took away her handbag, there is no testimony to that effect in the record, and for the purpose of this review that fact will be disregarded.) She ran for help and was then driven in her car to the Elizabeth General Hospital, where she remained for fifteen days. She suffered lacerations and a fractured skull causing 17½% of partial permanent disability."

The question for determination is whether the assault from which the employee's injuries resulted was an accident arising out of and in the course of her employment. We are of the opinion that there was an accident within the meaning of the Workmen's Compensation Act and that it took place in the course of her employment, but we do not think that the accident was one arising out of the employment. In *Schmoll v. Weisbrod & Hess Brewing Co.,* 89 *N. J. L.* 150, the Supreme Court, in a case in which the deceased workman, a route foreman for a brewing company, was shot by an unknown assailant while returning to his wagon after making a delivery of beer to a dwelling house, said: "The assailant of the deceased

was unknown. His motive in making the attack was also unknown. No robbery or attempt at robbery was shown. The person who shot the deceased might have shot him out of revenge for some fancied wrong or by mistake or by accident. There was no proven fact or circumstance before the court below that connected the shooting either directly or indirectly with the employment of the deceased, either as driver or collector." This decision of the Supreme Court has been cited with approval in numerous decisions of this court, many of which are collated in the opinion of the Supreme Court by Mr. Justice Perskie in *Giles* v. *W. E. Beverage Corp.*, 133 *N. J. L.* 137; *affirmed*, 134 *Id.* 234. In the Giles case, the manager of a package goods store for the sale of wine, liquor and beer, was shot and killed by two unknown assailants for no known motive. In reversing the judgment of the Court of Common Pleas awarding compensation, the court said: "The judgment * * * cannot be made to rest on conjecture, guess or speculation" but * * * "must be supported by legal evidence, direct, circumstantial or presumptive, establishing the asserted claim to compensation" and continued: "Proof of the shooting of Giles by unknown assailants, for no known reason or motive, without more, fails to establish the statutory requirement that the accident arose 'out of' the employment." Applying this rule to the facts in the present case, we necessarily arrive at the conclusion that this unfortunate assault upon the employee did not arise out of her employment, and accordingly the judgment in the Supreme Court is reversed, with costs.

*For affirmance*—EASTWOOD, J. 1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, DONGES, HEHER, COLIE, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 12.