This is an appeal from a judgment entered in the Union County Court reversing a dismissal of the petitioner's claim by the Workmen's Compensation Bueau.
The petitioner is a pharmacist employed at the appellant's drug store in Elizabeth. His work included evening hours and he ordinarily had supper at home between 5:00 and 6:00 P.M. On occasions his employer directed him to pick up medicines at Lee's Drug Store, located near the petitioner's home but about a mile and a half from his employer's store. In driving to Lee's he would travel along North Avenue for several blocks beyond Cross Avenue where he would turn if he were going directly home.
On December 29, 1947, the petitioner was told by his employer to stop at Lee's for a package containing medicine. No instructions were given as to whether the petitioner should stop at Lee's before or after supper or as to what route he should follow. His employer testified that if he had sent someone else it would have entailed a complete trip, whereas for petitioner it was "practically on his trip for his supper, it is only a few blocks and he can continue on;" he further testified that on stormy nights, such as the night of December 29th, the petitioner usually did not go home for supper but that he "went home this night because he would be doing that service."
The petitioner testified that he drove his car along North Avenue in the general direction of Lee's but, because of traffic conditions, turned off at Cross Avenue and went home for supper. After he had supper he left his home to proceed to Lee's, pick up the medicine and return to his employer's store. In turning his car to head toward Lee's he was caught in a snow bank and, while trying to get the car on its way, was *Page 332 
accidentally thrown underneath it. His claim for compensation is for the resulting injury. The employer does not dispute the amount of the award but denies liability on the ground that the petitioner's accident did not arise out of and in the course of the petitioner's employment.
In Gullo v. American Lead Pencil Co., 119 N.J.L. 484 (E. A. 1938), the Court of Errors and Appeals approved the general rule that an employee injured on the public highway on his way to or from work is not entitled to compensation. This general rule has been considered applicable even where the employee's presence on the highway was during a temporary cessation of work while at lunch shortly before returning to his employer's premises. SeePalacono v. Garfield Mfg. Co., 8 N.J. Misc. 757 (W.C.B.
1930). But Cf. Bollard v. Engel, 254 App. Div. 162, 4 N YSupp.2d 363 (App. Div. 1938); affirmed, 278 N.Y. 463,17 N.E.2d 130 (Ct. of App. 1938), where Justice Heffernan expressed the thought that it "would be taking too technical a view of the law to say that a pause in the actual course of his work by an employee for the purpose of eating is a break in his employment from the time he stops work to the time when he begins again." See also Desautel v. North Dakota Workmen's CompensationBureau, 72 N.D. 35, 4 N.W.2d 581, 141 A.L.R. 858 (Sup.Ct. 1942). However, the courts have expressly recognized several broad exceptions dependent upon the nature and circumstances of the particular employment. Cardillo v. Liberty Mut. Ins. Co.,330 U.S. 469, 480 (1947); McCrae v. Eastern Aircraft,137 N.J.L. 244, 246 (Sup. Ct. 1948). One of these is said to arise where the employee on his way to or from home is performing some special errand incidental to his employment at the direction of his employer. See Voehl v. Indemnity Ins. Co.,288 U.S. 162, 169, 170 (1933); Bobertz v. Board of Education of HillsideTownship, 134 N.J.L. 444, 447 (Sup. Ct. 1946); reversed on other ground, 135 N.J.L. 555 (E. A. 1947). Cf. Martin v.Hasbrouck Heights, 132 N.J.L. 569 (Sup. Ct. 1945); Mayo v.Hunt's Theatre, 1 N.J. Super. 8 (App. Div. 1948). In Lockev. Steele County, 223 Minn. 420, *Page 333 27 N.W.2d 285 (Sup. Ct. 1947), the court recently held this exception applicable where "during lunch hour, the employee, in addition to attending to his personal affairs, engages in some work for his employer pursuant to the latter's instruction and thereby serves a double purpose — his own and his employer's."
We are satisfied that within the cited authorities the facts presented in the instant case justified the lower court's award in the petitioner's favor. The petitioner's presence on the highway at the time of the accident was for his employer's benefit as well as his own. He was not then outside his employment within the limits of the doctrine of the Gullo case;
on the contrary, he had completed his supper and was on his way to Lee's to pick up the medicine in accordance with his employer's direction. Under the circumstances, the risks of travel from his home to Lee's were reasonably incidental to his employment and the accident may properly be considered as having arisen out of and in the course thereof within the liberal intendment of the Workmen's Compensation Act. Cf. Geltman v.Reliable Linen Supply Co., 128 N.J.L. 443, 446 (E. A.
1942).
The judgment of the County Court is affirmed.