FELIX MOOSEBRUGGER, PLAINTIFF-RESPONDENT, v. PROSPECT PRESBYTERIAN CHURCH OF MAPLE-WOOD, DEFENDANT-APPELLANT.

Argued March 9, 1953—Decided April 27, 1953.

*Mr. Herman M. Wilson* argued the cause for the plaintiff-respondent.

*Mr. Thomas J. Brett* argued the cause for the defendant-appellant (*Messrs. O'Brien, Brett and O'Brien,* attorneys).

The opinion of the court was delivered by

OLIPHANT, J. This is a workmen's compensation case. Petitioner was the sexton of the Prospect Presbyterian Church of Maplewood in that borough. As such sexton he worked regularly, except for his weekly day off, from 8:30 A. M. to 5:30 P. M., and in the evenings when church services, meetings and other activities were held. The stipulation of facts

shows that these were held on many weekday nights and that
the meeting held on the night of petitioner's accident, No-
vember 10, 1948, was one which had been planned and
scheduled well in advance and notice of which had appeared
in the weekly church bulletins on the two previous Sundays.

Petitioner lived within walking distance of the church. He
received a salary of $50 per week and no overtime, meals or
other compensation was paid him for any work performed
in the evenings. As is usual with church sextons, his duties
consisted, among other things, of opening and closing the
church, of taking care of furnaces, banking them in the late
afternoons, except on meeting nights when he kept the fires
going and banking them later. On November 10, 1948 he
followed his usual routine, worked until 5:30 P. M., then
went home for his supper. After partaking of that meal and
while walking back to the church to perform his duties in
connection with the scheduled evening meeting of the men's
club, he was struck at a street intersection by an automobile
and was injured.

In the Bureau it was determined that petitioner's injuries
were not suffered "in the course" of his employment. On
appeal to the Essex County Court the finding of the Bureau
was reversed, that court holding the injury arose "out of
and in the course of the employment." From the judgment
there entered an appeal was prosecuted by the appellant in
the Appellate Division which affirmed the judgment of the
County Court by a divided court. A further appeal was
then taken to this court by virtue of *Rule* 1:2–1(*b*).

The rule in this State is, and it is not disputed, that
when an employee is simply on his way to or from his regular
place of employment and sustains injury, such injury does
not arise out of and in the course of his employment. *Gilroy
v. Standard Oil Co.,* 107 *N. J. L.* 170 (*E. & A.* 1930); *Gullo
v. American Lead Pencil Co.,* 119 *N. J. L.* 484 (*E. & A.*
1938); *Grady v. Nevins Church Press Co.,* 120 *N. J. L.* 351
(*E. & A.* 1938); *Popovich v. Atlantic Products Corp.,* 125
*N. J. L.* 533 (*Sup. Ct.* 1941); *Cossari v. L. Stein & Co.,* 1
*N. J. Super.* 39 (*App. Div.* 1948).

Here, then, the single question presented is whether the facts bring the case within an exception to the general rule.

Several classes of exceptions to the rule are generally recognized, among which are those where the employee is on the street in the special service of his employer or on an errand incidental to his employment, *Bobertz v. Board of Education*, 134 *N. J. L.* 444 (*Sup. Ct.* 1946), reversed on other grounds 135 *N. J. L.* 555 (*E. & A.* 1947); *Bradley v. Danzis Pharmacy*, 5 *N. J. Super.* 330 (*App. Div.* 1949); and when an employee's work at the time of the accident arises from an emergency, *Van Ness v. Haledon*, 136 *N. J. L.* 623 (*E. & A.* 1948).

We do not consider that this petitioner comes within one of these exceptions. The general rule applies whether the employee is on a public street while on his way to or from work at the beginning or at the end of his daily employment, or on his way to or from lunch or supper, as in the instant case. *Bradley v. Danzis Pharmacy, supra*; see *Larson's Workmen's Compensation Law* (1952), c. IV, sec. 15.50, 51 *et seq., pp.* 213–214; *Palacono v. Garfield Mfg. Co.*, 8 *N. J. Misc.* 757 (*W. C. B.* 1930); *Strahlendorff v. Bd. of Education*, 17 *N. J. Misc.* 51 (*W. C. B.* 1939).

The contention of the plaintiff here that he comes within the exception relating to the performing of special services or doing an errand for his employer after regular hours is untenable. The term "special services" connotes the idea that the service rendered is out of the ordinary, unusual, or one not contemplated under the terms of the employment. Petitioner's routine work consisted of attendance at the church for evening meetings. It was an integral part of his work as the church sexton. There was nothing special about it. Neither was it "extra work" or "on call" work. The salary paid him was for services such as he performed on the evening in question. There was nothing special, emergent, unusual, or out of the ordinary connected with his work on that night. He was returning to his place of employment to perform the service required of him and for which he was paid by his weekly stipend, in exactly the same

manner and under the same conditions as he reported in the morning or after his noon recess.

Great reliance is placed by petitioner on the case of *Bobertz v. Board of Education, supra,* but that case is clearly distinguishable. The petitioner there was a school teacher who normally performed her duties at the school to which she was assigned. As an extra-curricular activity she was faculty advisor to a girl's club composed of students at her school. On the night of her accident she attended a meeting of the club at a building other than the school. She left that building and on entering her automobile to return home was assaulted and injured. Her activity at the time of the accident was conducted at a place other than her regular place of employment and at a time when she had no regularly scheduled duties to perform in connection with her employment as a teacher. The decision of the former Supreme Court was predicated on the theory that the petitioner was performing a special service for her employer after regular working hours and that such special service subjected her to extra travel risks which would not otherwise have been encountered. No such situation existed here. Petitioner was not subjected to any unusual risks. What he was doing was routine and normal to the services required of him over the years.

The judgment of the Appellate Division is reversed and that of the Bureau in dismissing the petition is reinstated.

JACOBS, J. (dissenting). The Workmen's Compensation Act is remedial legislation designed to place the costs of accidental injuries which are work-connected upon the employer who may readily provide for them as operating expenses. Its pertinent terms provide for compensation to employees for personal injuries by accident "arising out of and in the course of" the employment. An accident has been said to arise out of the employment when it results from a risk reasonably incidental thereto. *Geltman v. Reliable Linen & Supply Co.,* 128 *N. J. L.* 443, 446 (*E. & A.* 1942). And it has been said to arise in the course thereof when "it occurs

while the employe is doing what a man so employed may reasonably do within a time during which he is employed, and at a place where he may reasonably be during that time." *Bryant Adm'x. v. Fissell*, 84 *N. J. L.* 72, 77 (*Sup. Ct.* 1913). The doctrine is well recognized that the course of the employment is not confined to the actual work but may extend to reasonable preparations therefor. See *Terlecki v. Strauss*, 85 *N. J. L.* 454 (*Sup. Ct.* 1914), affirmed 86 *N. J. L.* 708 (*E. & A.* 1914); 1 *Larson, Workmen's Compensation Law* (1952), 195. *Cf. Waskevitz v. Clifton Paper Board Co.*, 7 *N. J. Super.* 1, 3 (*App. Div.* 1950). It may be suggested that liberal application of this doctrine would likewise encompass travel to and from work as incidental to the employment, and that accidental injury during its course may justly be deemed work-related. Nevertheless, the general rule is otherwise and our courts have held that the employment ordinarily commences and terminates at the employer's premises and that injuries which occur while the employee is traveling to and coming from the employer's premises are not compensable. See *Gullo v. American Lead Pencil Co.*, 119 *N. J. L.* 484, 486 (*E. & A.* 1938) where the court rejected compensation to an employee who was injured along the public sidewalk while entering the gates to her employer's factory; although Justice Lloyd indicated that an artificial line between employment and non-employment had to be drawn somewhere, might not justice and the purposes of the act have been furthered if it had been drawn antecedently, perhaps when Miss Gullo left home for the factory on the way dedicated to her employment.

The harshness of the general rule, as construed in the *Gullo* case, has led to numerous decisions which have either restricted its application (*Cossari v. L. Stein & Co.*, 1 *N. J. Super.* 39, 43 (*App. Div.* 1948)) or have declared express exceptions thereto. See *Rubeo v. Arthur McMullen Co.*, 117 *N. J. L.* 574, 579 (*E. & A.* 1937); *McCrae v. Eastern Aircraft*, 137 *N. J. L.* 244, 246 (*Sup. Ct.* 1948); *Bobertz v. Board of Education of Hillside Twp.*, 134 *N. J. L.* 444, 447 (*Sup. Ct.* 1946), reversed on other ground 135 *N. J. L.* 355

(*E. & A.* 1947); *Bradley v. Danzis Pharmacy,* 5 *N. J. Super.* 330, 332 (*App. Div.* 1949). See also 8 *Schneider, Workmen's Compensation* (*3rd ed.* 1951), 7: "the rule as originally laid down was soon discovered to be an unjust one when applied in all cases of travel to and from the home of the employee, and exceptions began to multiply in form and number." In *Rafferly v. Dairymen's League &c. Ass'n., Inc.,* 16 *N. J. Misc.* 363, 366 (*W. C. B.* 1938), the deputy commissioner classified these exceptions under the following headings: "(1) Where Transportation is Furnished by the Employer to and from the Place of Employment." *Rubeo v. Arthur McMullen Co., supra.* "(2) Where the Use of an Automobile or Other Form of Vehicle is Required in the Performance of the Contract of Service." *Demerest v. Guild,* 114 *N. J. L.* 472, 476 (*E. & A.* 1935). "(3) Traveling Salesmen and Others Whose Duties Require Them to Travel from Place to Place." *Geltman v. Reliable Linen & Supply Co., supra.* "(4) Necessary Travel While on Special Duty After Regular Working Hours." *Boberlz v. Board of Education of Hillside Twp., supra.* See also 8 *Schneider, supra,* 29, 38; 1 *Larson, supra,* 222, 224.

In the *Boberlz* case the petitioner was a Hillside school teacher. Her extracurricular duties included her attendance, as faculty advisor, at meetings of the Junior Girls Reserve Club. After attending an evening meeting of the club she walked to her parked car and was there assaulted. The former Supreme Court held that although she was on her way home when the injury occurred, she came within one of the exceptions rather than the rule of the *Gullo* case and sustained an award in her favor. In his opinion, Justice Wachenfeld (at *p.* 447) approved the fourth exception listed in the *Rafferly* case as governing " 'cases where it is shown that the employee, although not at his regular place of employment, even before or after customary working hours, is doing, is on his way home after performing, or on the way from his home to perform, some special service or errand or the discharge of some duty incidental to the nature of his employment in the interest of, or under direction of, his

employer. \* \* \*' *Kyle v. Greene High School,* 208 *Iowa* 1037, 226 *N. W.* 71, 72 [1929]." In the *Kyle* case an award was sustained in favor of a school janitor who, after having completed his services for the day and having returned home, was called to adjust the gymnasium lights at the school for an evening basketball game, and was struck by an automobile while on his way back to the school. *Cf. Cymbor v. Binder Coal Co.,* 285 *Pa.* 440, 132 *A.* 363 (*Sup. Ct.* 1926) where an award was allowed for an injury which occurred while a regular mine employee was on his way home after having performed his extra, though customary, evening task of throwing the switch which started the pumps for the following morning's mining operations. See 1 *Larson, supra,* at 222.

In *Bisdom v. Kerbrat,* 251 *Mich.* 316, 232 *N. W.* 408 (*Sup. Ct.* 1930) the employee's regular working day ended at 5:30 P. M. but at times he was called upon to work later. On the day in question he left to have supper, change his clothes and return for extra evening work. While on his way home he was in an automobile accident which resulted in his death. The Supreme Court of Michigan held that the injury arose out of and in the course of the employment and sustained an award. Similarly, in *Gibbs v. R. H. Macy & Co.,* 214 *App. Div.* 335, 212 *N. Y. S.* 428 (*App. Div.* 1925), affirmed 242 *N. Y.* 551, 152 *N. E.* 423 (*Ct. App.* 1926), a department store detective was called upon to testify in court after her regular working hours. She was injured while returning home from the Jefferson Market Court where she had appeared as a witness against a shoplifter. A compensation award in her favor was unanimously sustained. And in *Reisinger-Siehler Co. v. Perry,* 165 *Md.* 191, 167 *A.* 51, 54 (*Ct. App.* 1933) the court applied the ruling in the *Gibbs* case to sustain an award to a store superintendent whose regular hours of employment were from 6 A. M. to 6 P. M., subject to call at any time thereafter, and who was injured by an automobile while returning from the store pursuant to a night call. The court stated that the employee's extra duty "was in the nature of an errand or

mission on· behalf of his employer" and that the award was wholly consonant with the tendency of courts to give " 'Compensation Acts an interpretation as broad and liberal in favor of the employee as their provisions will permit, in furtherance of the humane purpose which prompted their enactment.' " This wholesome tendency finds ample cognizance in our own decisions. See *Saintsing v. Steinbach Company*, 1 *N. J. Super*. 259, 264 (*App. Div.* 1949), affirmed 2 *N. J.* 304 (1949); *Cossari v. L. Stein & Co., supra; Gellman v. Reliable Linen & Supply Co., supra; Lehigh Navigation Coal Co. v. McGonnell,* 120 *N. J. L.* 428, 431 (*Sup. Ct.* 1938), affirmed 121 *N. J. L.* 583 (*E. & A.* 1939).

Justice Douglas found occasion to observe in an address before the Section on Judicial Administration of the American Bar Association that the law is not a calculating machine which furnishes the right answer when the proper lever is pushed, and that vague statutory language generally gathers meaning and significance in terms of the judge's "own life and experience, his personal set of values, his training and education, and the genes of the blood stream of his ancestors." 32 *J. Am. Jud. Soc.* 104, 106 (1948). Perhaps nowhere is this more evident than when dealing with social legislation such as the Workmen's Compensation Act. Thus in the instant matter the facts and legal principles are neither complex nor in dispute, yet the 12 judicial minds which have been brought to bear on the issue have divided equally. The differences appear to turn upon matters of emphasis and sympathetic understanding of the beneficent objectives of the act. The plaintiff's regular working hours were 8:30 A. M. to 5:30 P. M., six days per week—a full working schedule under any modern day labor concept. Under the stipulated facts, he was also required to attend evening meetings "when so requested." The men's club, which had not met for many years, scheduled a special meeting for the evening of November 10, 1948 and the plaintiff was requested to attend for the purpose of readying the premises, serving ·refreshments and banking the furnace at the close of the meeting. Ordinarily when the plaintiff finished his

regular work at 5:30 P. M. and left the church he was through for the day and, in the language of the *Gullo* case, on his own. However, when he left on November 10 he was not through or on his own but had to return for the performance of extra evening duties for the direct benefit of his employer. The point is made that the evening duties were neither emergent nor infrequent, but these are not essential elements of the applicable exception; in many of the cases, including *Bobertz* and *Gibbs* the extra duties were apparently neither emergent nor infrequent. It is true that the extra duties performed in the *Bobertz* and *Gibbs* cases were at premises other than the employer's, but that factual distinction in nowise bears upon the scope or purpose of the exception; in the *Kyle* and *Reisinger* cases the extra duties were performed at the employer's premises. It seems to me that the plaintiff's travel to the church on the evening of November 10 to perform extra evening duties for his employer pursuant to prior request was sufficiently work-connected and that the award for accidental injury suffered during the course thereof was well within the comprehensive terms and liberal intendment of the act.

I would affirm the judgment of the Appellate Division.

HEHER and WACHENFELD, JJ., concur in this opinion.

*For reversal*—Chief Justice VANDERBILT, and Justices OLIPHANT, BURLING and BRENNAN—4.

*For affirmance*—Justices HEHER, WACHENFELD and JACOBS —3.