ANNIE FISHER, PROSECUTOR, v. TIDEWATER BUILDING COMPANY, RESPONDENT.

Submitted March 17, 1921—Decided June 7, 1921.

1. When a workman was killed some distance from the place of his employment, while boarding a train on which the employer furnished free transportation from the place of employment to the workman's home—*Held*, the accident causing the death was one which arose out of and in the course of his employment, his widow is entitled to an award of compensation under the "Workmen's Compensation statute."
2. The Workmen's Compensation statute is a remedial law of prime import and should be liberally construed.

---

On *certiorari*.

Before Justices SWAYZE, PARKER and BLACK.

For the prosecutor, *D. Trueman Stackhouse.*

For the respondent, *Howard L. Miller.*

The opinion of the court was delivered by

BLACK, J. This is a workmen's compensation case. The Workmen's Compensation Bureau made an award of compensation to the petitioner. On appeal to the Court of Common Pleas of Camden county this award was set aside. The facts are not in dispute. Substantially, they are as follows: The prosecutor's husband, Abraham Fisher, was employed by

the defendant company, at its place of business, in Gloucester
City, New Jersey. On September 10th, 1918, he quit work
at the usual time and proceeded to West Collingswood sta-
tion, in Gloucester City, which was located near, but not at
his place of work, to board a train on the Atlantic City rail-
road to go to the ferry station, in Camden, on his way home.
While attempting to board the train, called a shuttle train,
provided for the employes by the employer, he was struck by a
train of the Reading Railroad Company and killed. The
method of furnishing such transportation was for the com-
pany to give Fisher, the deceased, tickets for his transporta-
tion upon the railroad train, which were surrendered to the
conductor on the shuttle train as fare, Fisher paying nothing
to the defendant, except his work, which included the trans-
portation. We have no case in our reports directly in point.
But there is in the Court of Appeals of Maryland a well-con-
sidered case directly in point. That case was twice before the
court and reaffirmed on the point involved here. *Central
Construction Co.* v. *Harrison*, 135 *Md.* 170; 108 *Atl. Rep.*
874. Upon a motion for a reargument, 112 *Id.* 627. In that
case the construction company furnished the workman a
button for identification; this button was evidence to the con-
ductor of the workman's right to free transportation. In the
present case, a ticket was furnished to the workmen. It was
said, in that case, in the course of the opinion and reaffirmed,
when the injury occurs before the beginning or after the
termination of work, there are two general rules applicable
to the question, as to whether the injury arose out of and in
the course of the employment. The first is, that an employe
while on his way to work is not in the course of his employ-
ment. The second is, that where the workman is employed to
work at a certain place, and, as a part of his contract of em-
ployment, there is an agreement that his employer shall fur-
nish him free transportation to or from his work, the period
of service continues during the time of transportation, and
if an injury occurs during the course of transportation, it is
held to have arisen out of and in the course of the employ-

ment. This rule has the support of English and American cases. True, it is, in this case, the injury did not happen while being transported, but while in the act of boarding the train, but this, we think, is a difference without a legal distinction.

Abraham Fisher met his death by an accident which arose out of and in the course of his employment. The judgment of the Camden Court of Common Pleas should be reversed.

This result finds some support, at least, in the case of *Zabriskie* v. *Erie Railroad Co.,* 86 *N. J. L.* 266, and from that line of cases of which *Cicalese* v. *Lehigh Valley Railroad Co.,* 75 *Id.* 897, is illustrative.

At all events, the Workmen's Compensation statute is a remedial law of prime import and should be liberally construed. *Mayor, &c., of Jersey City* v. *Borst,* 90 *N. J. L.* 454.

The judgment of the Camden Court of Common Pleas is reversed, with costs, to the end that the judgment or order of the Workmen's Compensation Bureau be affirmed.