LEHIGH NAVIGATION COAL COMPANY, PROSECUTOR, v. MARY J. McGONNELL AND THE COURT OF COMMON PLEAS IN AND FOR THE COUNTY OF UNION, RESPONDENTS.

Submitted May 3, 1938—Decided June 23, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the prosecutor, *Maurice J. McKeown.*

For the respondents, *John C. Stockel.*

BODINE, J. The writ of *certiorari* in this case brings up a judgment of the Court of Common Pleas affirming an award of compensation in the Workmen's Compensation Bureau. Most of the facts were stipulated. John J. McGonnell, petitioner's deceased husband, was a coal inspector in the employ of the Lehigh Navigation Coal Company. He commuted from his home in Elizabethport to his place of work in Jersey

City, and his employer reimbursed him for the cost of the commutation tickets purchased. This had been the practice for sometime.

The manager of the prosecutor's New York office testified that when the principal business of the company was transferred from Elizabethport to Jersey City, he directed the deceased to take the Central Railroad train from Elizabethport to Jersey City, and promised that the company would give him a commutation ticket for that purpose and that thereafter each month a voucher was given to reimburse him for the cost of the ticket. The deceased's duty was to inspect coal before it was shipped.

The deceased was killed by a train of the Central Railroad Company of New Jersey on March 23d, 1936, shortly before he was to entrain for Jersey City in order to inspect coal. His body was found between the north-bound and south-bound tracks of the seashore division, about seventy-five feet north of Trumbull street and between seventy-five and one hundred feet from the main line track to Jersey City. The space where his body was found was paved and traversable.

In the bureau, the objection was made that the injury was not received in the course of transportation. In *Fisher* v. *Tidewater Building Co.*, 96 *N. J. L.* 103; *affirmed*, 97 *Id.* 324, the deceased was employed by the Tidewater Company at Gloucester City, New Jersey. He quit work at the usual time and proceeded to the railroad station in order to board a train to go to Camden on his way home. While attempting to board the train, he was struck by another train and killed. His employer furnished him with tickets for his transportation on the railroad train. It was there said: "* * * that an employe while on his way to work is not in the course of his employment. * * * [But] where the workman is employed to work at a certain place, and, as a part of his contract of employment, there is an agreement that his employer shall furnish him free transportation to or from his work, the period of service continues during the time of transportation, and if an injury occurs during the course of

transportation, it is held to have arisen out of and in the course of the employment. This rule has the support of English and American cases. True, it is, in this case, the injury did not happen while being transported but while in the act of boarding the train, but this, we think, is a difference without a legal distinction."

In *Laverty* v. *Ludington, Management, Incorporated, &c.*, 110 *N. J. L.* 410, the transportation was furnished by the employer. See, also, *Alberta Contracting Corp.* v. *Santomassimo, &c.*, 107 *Id.* 7; *Guerise* v. *Decker & Canning Co.*, 109 *Id.* 8; also *Soden* v. *Public Service*, 4 *N. J. Mis. R.* 817; *affirmed*, 103 *N. J. L.* 713.

The rule is stated in 71 *C. J.* 722 as follows: "Where the employe is injured while riding to or from his work in a conveyance provided by the employer, 'the employer's liability \* \* \* depends upon whether the conveyance has been provided by him, after the real beginning of the employment, in compliance with one of the implied or express terms of the contract of employment, for the mere use of the employes, and is one which the employes are required, or as a matter of right are permitted, to use by virtue of that contract. Accordingly it is held that injuries sustained by an employe while being transported to or from work in a conveyance furnished by the employer in pursuance of an express or implied term of the contract of employment are compensable."

The fact that the employer could exercise no control over the Central Railroad Company of New Jersey does not affect the issue. *In re Sundine*, 218 *Mass.* 1; 105 *N. E. Rep.* 433. The employer's representative had directed the employe to do the very thing that he was doing at the time of the accident. See *Rubeo* v. *Arthur McMullen Co.*, 117 *N. J. L.* 574; 118 *Id.* 530.

A contrary rule seems to exist in Pennsylvania where the transportation is by independent carrier, even though the fare is paid by the employer. *Guenesa* v. *Ralph V. Rulon, Inc.*, 189 *Atl. Rep.* 524. But we cannot distinguish the facts in the present case from those in *Fisher* v. *Tidewater Build-*

*ing Co., supra.* That he met with the accident seventy-five feet from the place where he was to actually entrain, we do not think brings the case within the rule of *Gullo* v. *American Lead Pencil Co.,* 118 *N. J. L.* 445; 196 *Atl. Rep.* 438.

In this case, in order to carry out the employer's instructions, the employe was obliged to go to the railroad station. While at the station he met with an accident. To admit of recovery if the accident had occurred when he was boarding the train or actually on it and to deny recovery because he met with the accident a few feet from the place where he would actually step on the train and where he was obliged to go in order to carry out the employer's instruction to take the train, would not be a liberal construction of a remedial statute; but a reversion to the injustices which resulted in the enactment of the Workmen's Compensation law which the courts have heretofore liberally construed.

The judgment under review is affirmed.

For affirmance, Justices Bodine and Heher; for reversal, The Chief Justice.