MONMOUTH COUNTY COURT OF COMMON PLEAS.

ROBERT F. PIERCE, PETITIONER-APPELLEE, v. WILLIAM D. LAYTON, RESPONDENT-APPELLANT.

Decided December 15, 1943.

For the petitioner-appellee, *Quinn & Doremus.*

For the respondent-appellant, *Collins & Corbin.*

GIORDANO, C. P. J.  This matter is before the court on an appeal by the respondent-appellant from a determination of facts and rule for judgment of the Workmen's Compensation Bureau, dated January 15th, 1943, in favor of petitioner-appellee.

The decisive question is whether an accident concededly suffered by the employee arose out of and in the course of his employment.

The accident occurred on January 14th, 1941.  The petitioner-appellee was then, and had been for several months, in the employ of the respondent-appellant as a night watchman.  As such, he was under a constant duty to walk around

the building of the respondent-appellant and inspect a group of signal flares and to see to it that they were constantly lit, and also to inspect and keep running pumps that were in use by the respondent-appellant in a construction job which was under way.

There had been provided by respondent-appellant for the convenience of the petitioner-appellee a small shanty referred to as a tool shop in which there was placed a kerosene stove.

The claim petition filed March 29th, 1941, alleged that the petitioner-appellee sustained an accidental injury while in the employ of the respondent on January 14th, 1941, as a result of being struck by an automobile.

The respondent-appellant filed an answer to the claim petition on April 25th, 1941, in which it was admitted that the petitioner did sustain an accident arising out of and in the course of his employment. While said claim was pending the respondent-appellant supplied the petitioner with medical care and paid compensation for temporary disability and also had started to pay compensation for permanent disability.

On April 21st, 1942, the respondent-appellant filed a supplemental answer in which he specifically alleged that since the filing of the original answer he, the respondent-appellant, had learned that petitioner had not sustained such an injury while in the course of his employment.

The matter came on for hearing before Deputy Commissioner Umberger in Asbury Park, New Jersey, on November 13th, 1942, and was completed on December 11th, 1942, and resulted in the judgment in favor of the petitioner-appellee heretofore referred to.

The respondent-appellant contends that the petitioner-appellee left his place of employment and, in fact, abandoned the work for which he was hired, and consequently the injuries sustained by him did not arise out of and in the course of his employment.

The petitioner-appellee on the night in question reported for work at 5:30 o'clock in the evening and the evidence discloses that some of the flares were not lighted. He was informed by another employee that there was no oil for the flares. At approximately six o'clock Mr. Layton, Sr., arrived

on the job and was so informed. Layton, Sr., according to the testimony, said that he had intended to bring some oil but had forgotten it and was going to send his son down with some that night. The petitioner used some of the kerosene which was intended for the oil stove in the shanty for the flares and so informed Mr. Layton, Sr. Mr. Layton, Sr., promised to send some kerosene to him. At about 8:30 that same evening no kerosene had arrived so the petitioner-appellee left his shanty to go to a gas station to purchase some. To do so he had to cross Lake Avenue, in the City of Asbury Park, and while so crossing he stepped from behind a bus and was struck by an automobile.

The evidence further discloses that once a week or once every two weeks petitioner-appellee had been obliged to purchase kerosene to use for his oil stove; that it was customary for him to go down the street and procure kerosene when the supply had to be replenished.

The respondent-appellant contends that every night he brought a can of oil to the shanty which was to be used for the flares and the stove, and that there was no necessity for petitioner to leave the premises to seek fuel. Mr. Layton, Sr., admitted, however, that he had forgotten to bring the kerosene on the night in question and had promised to send it by his son, who had not arrived at 8:30 o'clock at night when the petitioner-appellee deemed it advisable to obtain it himself.

The respondent-appellant in his supplemental answer relies upon the testimony of one Cramer who stated that the petitioner-appellee had told him on the night in question that he was going down the street to get a bottle of wine and not for the kerosene.

I have read carefully Cramer's testimony and I am led to the very definite conclusion that his testimony is not to be believed. There can be no doubt that the trial court was fully justified in finding that the accident occurred in the course of petitioner's employment. The proof is sufficient and establishes that the employment was the contributing cause without which the accident which actually happened would not have happened.

To hold that the petitioner-appellee, who was without oil and kerosene on the night of January 14th, 1941, should not have crossed the street as it had been his custom to do on other occasions for the purpose of replenishing his supply in order to perform the duties which were imposed upon him, is to say that the petitioner-appellee should be penalized for having exercised his initiative. It must be borne in mind that the petitioner-appellee had been hired as a night watchman with specific duties to see to it that his employer's property was protected and that the flare lights were properly lighted in order to give notice to pedestrians and travelers on the highway that there was a repair job under construction.

To say that the petitioner-appellee should not have gone after the oil himself when his employer, as late as 8:30 in the night had failed to deliver it, is too narrow an interpretation of the intention of the parties to this contract of hire. In seeking for the intention of the parties to this contract of general hiring—necessarily the controlling consideration—regard must be had to the attendant circumstances and the object in view, and also the course of practice of the parties in its execution, since that is significant of the common purpose respecting the nature and scope of the hiring. And reason should, of course, govern in the interpretation.

The employee who gives more than required by the strict letter of the contract of employment would be, as regards the extra service, beyond the protection of the Compensation Act, even though there be an acceptance of the service. To say that such was within the contemplation of the parties would be a wholly arbitrary interpretation distortive of the plainest implications.

The evidence adduced by the respondent-appellant does not satisfy this court that the petitioner-appellee was "on his own," as in *Gullo* v. *American Lead Pencil Co.*, 119 *N. J. L.* 484; 196 *Atl. Rep.* 438; Compare also *Terlecki* v. *Strauss*, 85 *N. J. L.* 454; 89 *Atl. Rep.* 1023; *affirmed*, 86 *N. J. L.* 708; 92 *Atl. Rep.* 1087; *Bolos* v. *Trenton Fire Clay, &c., Co.*, 102 *N. J. L.* 479; 133 *Atl. Rep.* 764; *Lehigh Navigation Co.* v. *McGonnell*, 120 *N. J. L.* 428; 199 *Atl. Rep.* 906; *affirmed*, 121 *N. J. L.* 583; 3 *Atl. Rep.* (2d) 581.

In the circumstances, there was indubitably a causal connection between the injury and the employment. The relationship was such as to warrant classification of the risk as reasonably incident to the employment. The hazard was a natural consequence of what the employee was obliged to do in the fulfillment of his contract of service. His failure to carry out his responsibility would primarily be classable as a breach of duty. It is pertinent to note here that it suffices if the employment was substantially contributory to the injury. *Vide, Cudahy Packing Co.* v. *Parramore,* 263 *U. S.* 418; 43 *S. Ct.* 153; 68 *L. Ed.* 366; 30 *A. L. R.* 532; *In re Madden,* 222 *Mass.* 487; 111 *N. E. Rep.* 379.

Judgment of the court below is accordingly affirmed.