◼ In the Matter of the Claim of JANE FONZE, Respondent, against STUYVESANT OIL BURNER CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of death benefits. Decedent was employed as a trouble shooter and service man in the repair of oil burners in the five boroughs of New York City. Instead of personally reporting at his employer's office at the beginning and end of the working day, he was customarily advised of his work assignments for the ensuing day by telephone calls made from or received at his home in Plainview, Long Island. He sometimes worked at night until 8 or 9 o'clock or later. The employer furnished decedent with a truck, in which were carried tools and equipment and which decedent was authorized to and did take to his home each night, driving it directly to his first assignment the next morning, the period of such use being during the employer's "busy season". Decedent's superior testified that his records indicated that on the day of the accident decedent "checked out" from a job at a building on Sullivan Street in lower Manhattan at 5:35 P.M. Shortly before that time decedent's foreman saw him on the street, in the employer's uniform, and decedent said that he had a service call to make on Sullivan Street. The unwitnessed accident occurred at about 7:05 P.M. at New Hyde Park, on the direct route from Sullivan Street to decedent's home (a 50 to 55-minute drive), when the truck collided with a telephone pole on the side of the highway. The board was warranted in finding upon this evidence that the accident arose out of and in the course of decedent's employment as an outside worker (*Matter of Bennett* v. *Marine Works*, 273 N. Y. 429; *Matter of Theyken* v. *Diplomat Prods.*, 268 N. Y. 658; *Matter of Scott* v. *Schaefer & Sons*, 3 A D 2d 775) and, also, in rejecting the contention that his use of the truck was a gratuity and granted solely for his own benefit and convenience (*Matter of Vafiades* v. *Wenzel Florist*, 5 A D 2d 903). There was testimony that the autopsy finding of a concentration of 0.146% of alcohol in decedent's brain indicated a condition which could have caused a motor vehicle accident. The circumstances of this accident, however, afford ample justification for the board's finding that death did not result solely from intoxication. (Cf. Workmen's Compensation Law, § 21, subd. 4; *Matter of Scott* v. *Schaefer & Sons, supra*; *Matter of Shannon* v. *American Can Co.*, 278 App. Div. 546, motion for leave to appeal denied 303 N. Y. 1016.) Decision and award unanimously affirmed, with one bill of costs to respondents. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.