■ The People of the State of New York ex rel. Charles J. Wilkinson, Appellant, against Daniel McMann, as Warden of Clinton Prison, Respondent.— Appeal from an order of the Clinton County Court which dismissed a writ of habeas corpus. On July 15, 1949 relator was convicted in Monroe County Court of grand larceny in the first degree. Sentence was deferred until July 28, 1949, when sentence was suspended. On February 1, 1950 relator was returned to court, the suspension of sentence was revoked and he was sentenced to six months imprisonment in the Monroe County Penitentiary. Relator sought in the court below to vitiate this conviction (used as a part basis for subsequent multiple offender sentences) on the ground of failure to comply with sections 472, 480 and 482 of the Code of Criminal Procedure on February 1, 1950, the date when suspension of sentence was revoked. Relator concedes that there was a compliance with section 480 when he appeared for sentence on July 28, 1949. The record clearly shows a compliance with sections 472 and 482 on that date. These sections relate solely to "judgment day" which is the day a defendant appears for sentence, and no other. (*People ex rel. Miller* v. *Martin,* 1 N Y 2d 406.) There is no requirement in the Code of Criminal Procedure that the process be repeated on proceedings pertaining to the judgment subsequently. Order unanimously affirmed. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of Max Mason, Respondent, against New York Abstract Company, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant is a lawyer; the employer a title company in New York City. Claimant lives in Pomona in Rockland County and usually commutes to the employer's New York office by train. On May 17, 1956 claimant was told by his superior that he was working on a "rush" title and that claimant should go "early" next morning to the Surrogate's Court in Bronx County to obtain further information on the title; to get there "as soon as possible" and phone his superior. Claimant's superior testified: "I told him to get there as early as he could, and I would give him instructions." Claimant used his automobile next morning and on his way to the Bronx Surrogate's Court, but not far from his home, he was injured in a collision. There is proof that in such circumstances where necessary to use an automobile the use of the employee's personal car was authorized by the employer and reimbursement made. There is proof, also, that claimant's work required him to travel to numerous places outside the employer's office; in any event he could here be found in this instance to have been using his automobile, the expense of which would be paid by the employer, on a special errand in the employer's business. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.