90 N.J. Super. 17 (1965)
216 A.2d 15
ROZELL WATKINS, PETITIONER-APPELLANT,
v.
JOHN COWENHOVEN AND MIRIAM COWENHOVEN, RESPONDENTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 13, 1965.
Decided December 31, 1965.
*18 Before Judges SULLIVAN, LEWIS and KOLOVSKY.
Mr. Frederic M. Milstein argued the cause for appellant (Messrs. Madnick, Milstein & Mason, attorneys).
Mr. James A. Robottom argued the cause for respondents (Messrs. Haskins, Robottom & Hack, attorneys).
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
This is a workmen's compensation case in which petitioner appeals from a determination by the County Court that an accident in which she was involved did not arise out of or in the course of her employment so that she was not entitled to workmen's compensation benefits for injuries sustained therein. Previously, the Division of Workmen's Compensation had ruled that the accident was work-connected and that petitioner was entitled to compensation.
*19 Respondents Mr. and Mrs. Cowenhoven had rented a house in Mantoloking during the summer of 1961 and Mrs. Cowenhoven had hired petitioner to do domestic work in the summer house on a one-day-a-week basis. Petitioner testified that Mrs. Cowenhoven had said she would pay her $10 and $1 carfare for her day's work. Mrs. Cowenhoven did not recall specifically whether carfare was mentioned in the arrangements. However, "when I paid her the $11 I presumed she was including her cost of transportation whether she drove herself or whether she came with her friend next door."
Petitioner lived in Asbury Park, a distance of some 10 to 12 miles from respondents' summer house. She usually drove to and from work in her own car. It does not appear whether or not public transportation was available. Petitioner also worked for other summer residents in and about Mantoloking.
September 5, 1961 was the last day of petitioner's employment by respondents, who had returned to their home on the previous day. Petitioner was to give the house a final cleaning because the landlady was "very stuffy." Petitioner drove to work in her own car and, after having performed her assigned chores, started home. On the way she became involved in an automobile accident and was injured. Her workmen's compensation claim arises out of this accident and the resultant injuries, it being petitioner's contention that since Mrs. Cowenhoven specifically agreed to pay her $1 for transportation expenses, the employment should be deemed to include the travel to and from work.
Generally, an employee is not considered as within the scope of his employment when traveling to or from work. 1 Larson, Workmen's Compensation Law (1952), § 15.11, p. 195; O'Brien v. First Camden Nat'l Bank & Trust Co., 37 N.J. 158, 162 (1962). However, strict application of the "going and coming rule" resulted in injustices and numerous exceptions thereto have been made. Ricciardi v. Damar Products Co., 45 N.J. 54, 61 (1965); see Jasaitis v. City of Paterson, 31 N.J. 81, 84 (1959); O'Regan v. New Jersey Hardware Co., 74 N.J. Super. 41, 46-47 (Cty. Ct. 1962). Among *20 the exceptions are where an employee's transportation is furnished or paid by the employer. Green v. Bell Cleaners, 65 N.J. Super. 311, 316 (App. Div. 1961), affirmed 35 N.J. 596 (1961); Filson v. Bell Telephone Laboratories, Inc., 82 N.J. Super. 185, 191-193 (App. Div. 1964). However, in Filson the evidence showed that the employee had to travel more than 3,000 miles to reach the place of employment, and the court found that one of the material terms of the employment contract, and a substantial inducement for the employee, was the employer's agreement to pay the considerable travel expenses from California to New Jersey as well as the expenses of the return trip after the employment was terminated.
The criterion applied by the majority of cases in this type of situation is that the employee's travel to and from work should be deemed a part of the employment when a considerable distance is involved and deliberate and substantial payment is made by the employer for the expenses of travel.
"However, in the majority of cases involving a deliberate and substantial payment for the expense of travel, or the provision of an automobile under the employee's control, the journey is held to be in the course of employment. This result is usually correct, because when the subject of transportation is singled out for special consideration it is normally because the transportation involves a considerable distance, and therefore qualifies under the rule herein suggested: that employment should be deemed to include travel when the travel itself is a substantial part of the service performed." Larson, op. cit. supra, § 16.30, pp. 270-275.
In the instant case, the distance between petitioner's home and her place of work was 10 to 12 miles. In these days of suburban living this is not an uncommon distance for an employee to travel, and it does not appear that Mrs. Cowenhoven made special arrangements with petitioner because of the distance involved. She simply agreed to pay petitioner the going rate of $11 per day for domestic work. While the expression $1 carfare may have been used, it would appear that this was merely a form of added compensation. Certainly *21 it was not shown that the $1 was related to petitioner's actual expenses.
"* * * Suppose, for example, that Mrs. A pays her cook $40 a week plus $1 with which to buy a streetcar pass, while Mrs. B pays her cook $41, out of which $1 is destined to go for a pass, although it is not so labeled in the agreement for compensation. This technical difference in the name of the payment surely should not thrust upon Mrs. A a liability which extends throughout the streetcar journey, while relieving Mrs. B of the same liability. Yet this is what would happen under the often-heard generalization that whenever the employer pays or reimburses the employee for travel expense the travel becomes part of the employment. It should be apparent that, in some cases at least, the transportation allowance is merely a form of added compensation." Id., at p. 270.
It must also be recognized that our courts have been slow to impose workmen's compensation liability on a householder "who produces and sells no goods or services which can bear the cost of compensation insurance * * *." Larson, op. cit. supra, § 50.25, p. 745; Petrone v. Kennedy, 75 N.J. Super. 295, 303 (App. Div. 1962), certification denied 38 N.J. 312 (1962); cf. N.J.S.A. 34:15-92.
We conclude, as did the County Court, that the $1 payment was merely added compensation, and that petitioner's employment did not include her travel to and from work, so that the unfortunate accident in which she was involved while on her way home from work did not arise out of or in the course of her employment.
Affirmed.