In the Matter of the Claim of FLORENCE RESPOLE, Respondent, v. MAX SCHORR et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal from a decision of the board which determined that at the time of the accident the claimant was within her employment. The claimant was a secretary in the employer's law office and was requested to go to a law office and secure a case file, similar errands having been requested of her on prior occasions. Her regular working hours were from 9:30 A.M. to

5:30 P.M., and it was her practice to leave her home at Bayside, Long Island, about 8:30 A.M. On the day of the accident she left earlier, having made arrangements with the law office to pick up the file. While on her way to perform the errand and likewise to go to work, in descending the stairs to the subway she fell and sustained injuries. Her employer in his report to the board stated that the accident happened while the claimant was on her way to pick up a file and so testified at the hearing. A lawyer from the law office corroborated the claimant's testimony. On this uncontroverted evidence, the board found " that claimant's trip on the morning of the day of the accident had a dual purpose; she was not only on her way to work but, while en route, was to stop at the office or [sic] her employer's association counsel, as per her employer's instructions, to pick up a case file and bring it back to the office. Under the circumstances, the Board finds that the accidental injury sustained arose out of and in the course of employment". The carrier contends that no particular time for the performance of the errand having been specified by the employer, but to be performed at her option, she was not within her employment on the morning in question and at the time of the accident. We find that there is no fair basis in this record to sustain the carrier's argument. The factual issues were found in favor of the claimant and the record supports such determination. (See *Matter of Mason* v. *New York Abstract Co.*, 11 A D 2d 569.) The board's finding of dual purpose is supported by substantial evidence. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.