122 N.J. Super. 342 (1973)
300 A.2d 358
EMMA PEARCE, PETITIONER-APPELLANT,
v.
NEW JERSEY HIGHWAY AUTHORITY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 20, 1972.
Decided February 6, 1973.
*344 Before Judges FRITZ, LYNCH and FULOP.
Messrs. Rosen & Kanov, attorneys for appellant (Mr. Edward Roy Rosen, on the brief).
Mr. William K. Miller, attorney for respondent.
PER CURIAM.
This workmen's compensation appeal represents another arrow from the quiver reserved for assault on the exclusionary "going and coming" rule.
Petitioner, employed as an "executive secretary" by respondent New Jersey Highway Authority, was injured in an automobile accident on the Garden State Parkway, a facility operated and maintained by the Authority. The accident occurred while she was driving to her work at the offices of the Authority in Woodbridge from her home in Eatontown. Her claim petition was dismissed in the Division of Workmen's Compensation and on her appeal to the County Court. While she argues here that her employment by the Authority requires a finding that the accident happened "on the premises" of her employer and a consequent declaration of compensability, the real thrust of her appeal is that the furnishing of toll-free coupons to her by her employer to facilitate her use of the Parkway prevents application of the "going and coming" exclusion and renders the untoward event one arising out of and in the course of the employment.
No real issue of fact exists. The coupons were provided at no cost to Mrs. Pearce, and without them she would have had to pay a toll on the route from her home to Woodbridge. The coupons were only to be used in going to and coming from work and a designation on the tickets limiting by number allocation the toll gates authorized to accept these tickets worked toward that end. Petitioner was not required by her employer to use the Parkway in commuting, and toll-free alternate roads were available, although petitioner insisted that Route 35  the most likely of these  was "out of my way and traffic is abominable on that highway."
*345 Since Bryant v. Fissell, 84 N.J.L. 72 (Sup. Ct. 1913), compensability requires that an accident arise out of and in the course of the employment. N.J.S.A. 34:15-7. And at least since Moosebrugger v. Prospect Presbyterian Church, 12 N.J. 212 (1953), and probably before (see e.g., Gullo v. American Lead Pencil Co., 119 N.J.L. 484 (E. & A. 1938)).
The rule in this State is * * * that when an employee is simply on his way to or from his regular place of employment and sustains injury, such injury does not arise out of and in the course of his employment. [12 N.J. at 214]
Such rule, commonly called the "going and coming" rule, has survived to the present, but barely. Exceptions accommodating compensability have been generously engrafted, as detailed and documented in Hammond v. The Great Atlantic & Pacific Tea Co., 56 N.J. 7, 11 (1970). As commented upon by one writer, and noted in Hammond at 12, the exceptions have become so numerous they have "swallowed the rule."
It is neither our obligation nor our prerogative to depart from the law as enunciated by our Supreme Court. And despite the last rites administered in Hammond and more recently in Bergman v. Parnes Brothers, Inc., 58 N.J. 559 (1971), the "going and coming" rule has not yet been declared dead. (See concurring opinion of Francis, J. in Bergman, 58 N.J. 567, 568.) Nor are we privileged to administer the coup de grace.
But we can and do announce that the circumstances of the instant matter fit well within previously sanctioned exceptions, and particularly within those which recognize the employer's contribution to transportation of the employee as an incident of employment sufficient to bring the employee's travel within the course of, as well as arising out of, the employment.
We are aware of the fact that much of the precedent in this area involves distinguishing features such as compulsory *346 instructions with respect to the route (Lehigh Navigation Coal Co. v. McGonnell, 120 N.J.L. 428 (Sup. Ct. 1938), aff'd o.b. 121 N.J.L. 583, 97 N.J.L. 583 (E. & A. 1939)); wholly free transportation (Fisher v. Tidewater Building Co., 96 N.J.L. 103 (Sup. Ct. 1921), aff'd o.b. 97 N.J.L. 324 (E. & A. 1922)); or substantial distance and substantial employer contribution (Filson v. Bell Telephone Laboratories, Inc., 82 N.J. Super. 185 (App. Div. 1964), but cf. Watkins v. Cowenhoven, 90 N.J. Super. 17 (App. Div. 1965), certif. den. 46 N.J. 538 (1966)). We realize that this exception takes shape and dimension, in part at least, in cases where the employer provided the actual transportation (Williams v. Remco Industries, 118 N.J. Super. 481 (App. Div.), certif. den. 61 N.J. 163 (1972)).
But we do not believe any of these features to be an invariable requirement for rejection of the "going and coming" rule. We think employment being what it is by nature, the intrusion of an employer into his employee's travel habits, customs, or economics, necessarily implies some benefit to or for the employer no matter how altruistic may be other concomitant motivations. The employment incident thus generated, coupled with such considerations as essentiality to the work of travel to and from by the employee and the risks inherent in travel (see Hammond, supra, 56 N.J. at 13), ought to be enough, it seems to us, to remove the insulation of the "going and coming" rule and project employee travel into the orbit of "arising out of and in the course of" the employment.
So here. Accordingly, we reverse and remand to the Division of Workmen's Compensation for a determination of benefits.