64 N.J. 60 (1973)
312 A.2d 139
ANTHONY M. RICCIARDI, PETITIONER-RESPONDENT,
v.
ANIERO CONCRETE COMPANY, INCORPORATED, RESPONDENT-APPELLANT.
The Supreme Court of New Jersey.
Argued November 7, 1973.
Decided December 4, 1973.
*61 Mr. Bruce P. Miller argued the cause for respondent-appellant (Mr. William K. Miller, attorney).
Mr. Alfred E. La Brecque, Jr. argued the cause for petitioner-respondent.
PER CURIAM.
The Division of Workmen's Compensation allowed, and the Appellate Division by a divided court affirmed an award of compensation to petitioner in respect of injuries sustained while driving home from his employment. The appeal is here as of right because of the dissent. Const. of 1947, Art. VI, Sec. V, par. 1(b).
Petitioner, a carpenter living at West Keansburg, was working for respondent at a construction site in Hackensack, and complained to the employer that his auto trip back and forth to work was becoming costly. The employer thereupon agreed to defray his tolls on the Garden State Parkway, amounting to $10 weekly. Petitioner estimated the total out-of-pocket cost of traveling to work by car at $25 weekly. His wages at the time of the accident were $8 per hour plus overtime ($325.60 per week). The accident occurred shortly after the making of the arrangement mentioned.
Compensation was allowed by the tribunals below on the basis of the exception to the "going and coming" rule comprised by the situation where the employer furnishes actual transportation to the employee for the trip to or from home or reimburses him his expenses therefor.
The doctrinal basis for the exception is that the employer actually or presumptively gains a benefit from the transportation under such circumstances. See Micieli v. Erie Railroad Co., 130 N.J.L. 448, 452 (Sup. Ct. 1943), aff'd 131 N.J.L. 427 (E. & A. 1944). In all the cases thus far decided in New Jersey in which compensation was allowed, except one, the employer had provided the transportation for, *62 or defrayed the whole cost of, that portion of the trip during which the accident had occurred,[1]e.g., Fisher v. Tidewater Building Co., 96 N.J.L. 103 (Sup. Ct. 1921), aff'd o.b. 97 N.J.L. 324 (E. & A. 1922); Lehigh Navigation Coal Co. v. McGonnell, 120 N.J.L. 428 (Sup. Ct. 1938), aff'd o.b. 121 N.J.L. 583 (E. & A. 1939); Green v. Bell Cleaners, 65 N.J. Super. 311 (App. Div. 1961), aff'd 35 N.J. 596 (1961); Rainear v. Rainear, 63 N.J. 276, 278 (1973). Previous formulations of the exception by this Court have been in terms clearly contemplating that it encompasses the employer either providing the transportation or paying for it, free of any implication that payment of only part would suffice. See Ricciardi v. Damar Products Co., 45 N.J. 54, 61 (1965); Rainear v. Rainear, supra (63 N.J. at 278); Jasaitis v. Paterson, 31 N.J. 81, 84 (1959).
The exceptional case mentioned above is Pearce v. N.J. Highway Authority, 122 N.J. Super. 342 (App. Div. 1973), where, as here, recovery was allowed although the employer, the agency owning and operating the Garden State Parkway, reimbursed the employee only for toll expense on the Parkway, not for the total travel expense from home to job.[2]
We conclude, after study of all of the cases, that the rationale of the exception to the going and coming rule under discussion can be sustained only in those situations where, if the employee travels by car, the employer reimburses him for all or substantially all of the total expense involved. Anything less would border so closely upon the noncompensable area where the arrangement is really part of the work-remuneration rather than provision for transportation *63 as to render the rule impracticable of judicial administration and of but ephemeral foundation in any significant nexus between the journey and the employment. Cf. Watkins v. Cowenhoven, 90 N.J. Super. 17 (App. Div. 1965), certif. den. 46 N.J. 538 (1966); 1 Larson, Workmen's Compensation (1972) § 16.30. The arrangement here does not qualify, the employer reimbursing the employee to the extent of only 40% of the travel expense involved.
Reversed.
JACOBS, J. (dissenting):
Travel to and from work is an essential part of the job and so are its hazards. See Ricciardi v. Damar Products Co., 45 N.J. 54, 61 (1965). That being so, there would appear to be no just reason for denying compensation to an employee who is accidentally injured while on his way to or from work. Accordingly I would, as I have indicated in my writings both early and late, abandon the so-called "going and coming rule" which has often resulted in the denial of compensation for injuries suffered en route. See Moosebrugger v. Prospect Presbyterian Church, 12 N.J. 212, 216-221 (1953); Hornyak v. The Great Atlantic & Pacific Tea Co., 63 N.J. 99, 105-107 (1973); cf. Hammond v. The Great Atlantic & Pacific Tea Co., 56 N.J. 7, 11-14 (1970); Bergman v. Parnes Brothers, Inc., 58 N.J. 559, 563 (1971). Though the courts have thus far declined to abandon the rule they have repeatedly acknowledged its harshness and have created exceptions which have become so numerous as to have almost "swallowed the rule." Hammond, supra, 56 N.J. at 12.
One of the exceptions, as set forth in 1 Larson, Workmen's Compensation § 16.30 (1972), permits compensation where there has been "a deliberate and substantial payment for the expense of travel" to and from work. Unlike the majority's per curiam here, Dean Larson does not suggest that the payment must be for "all or substantially all of the total expense involved." I see no reason why it must. See Costa *64 v. New York State Workmen's Compensation Board, 34 A.D.2d 585, 308 N.Y.S.2d 93, 94 (1970):
The general rule is that risks of travel to and from work are not risks of employment. (Matter of DeVoe v. New York State Rys., 218 N.Y. 318, 113 N.E. 256, L.R.A. 1917A, 250) There are certain exceptions as where the employee is an "outside" employee, (Matter of Fonze v. Stuyvesant Oil Burner Corp., 10 A.D.2d 761, 197 N.Y.S.2d 496), where the employee is traveling or transportation is provided or paid in part by the employer, (Matter of Macaluso v. Alexander, Shumway & Utz Co., 11 A.D.2d 838, 203 N.Y.S.2d 106, mot. for lv. to app. den. 8 N.Y.2d 708, 206 N.Y.S.2d 1026, 169 N.E.2d 926), or where the employee has been directed to perform a "special errand" for his employer on his way to work. (Matter of Respole v. Schorr, 25 A.D.2d 581, 266 N.Y.S.2d 863; Matter of Charak v. Leddy, 23 A.D.2d 437, 261 N.Y.S.2d 486; Matter of Mason v. New York Abstract Co., 11 A.D. 2d 569, 200 N.Y.S.2d 677.) 308 N.Y.S.2d at 94.
There is no New Jersey precedent which either expressly or impliedly supports the suggestion that a partial though deliberate and substantial payment towards travel expense is legally insufficient to bring the matter within the exception. Jasaitis v. Paterson, 31 N.J. 81 (1959), Ricciardi v. Damar Products Co., supra, 45 N.J. 54, and Rainear v. Rainear, 63 N.J. 276 (1973), relied on in the per curiam, are not pertinent since they were not concerned with and did not in anywise deal with the issue. In Filson v. Bell Tel. Labs., Inc. 82 N.J. Super. 185 (App. Div. 1964), the employee received a mileage allowance; in Micieli v. Erie Railroad Co., 130 N.J.L. 448 (Sup. Ct. 1943), aff'd, 131 N.J.L. 427 (E. & A. 1944), he received a railroad pass; and in Lehigh Navigation Coal Co. v. McGonnell, 120 N.J.L. 428 (Sup. Ct. 1938), aff'd, 121 N.J.L. 583 (E. & A. 1939), he received reimbursement for his commutation ticket. In each instance the exception was deemed applicable without any judicial inquiry as to whether all or only part of the employee's actual travel expense was being borne by the employer. Similarly out-of-state decisions applying the exception have not turned on any suggestion that the employer's *65 payment represented all rather than part of the expense. See Macaluso v. Alexander, Shumway & Utz Co., 11 A.D.2d 838, 203 N.Y.S. 2d 106, mot. for lv. to app. den. 8 N.Y.2d 708, 206 N.Y.S.2d 1026, 169 N.E.2d 926 (1960); cf. U.S. Fidelity & Guaranty Co. v. Donovan, 94 U.S. App. D.C. 377, 221 F.2d 515 (D.C. Cir.1954); Williams v. Brunswick County Board of Education, 1 N.C. App. 89, 160 S.E.2d 102 (1968); Lemanski v. Frimberger Company, 31 Mich. App. 285, 187 N.W.2d 498 (1971); see also Puett v. Bahnson Co., 231 N.C. 711, 58 S.E.2d 633 (1950); Swartzer v. Food Fair Stores, Inc., 175 So.2d 36 (Fla. 1965); Zenith Nat'l. Ins. Co. v. Workmen's Compensation Appeals Board, 66 Cal.2d 944, 59 Cal. Rptr. 622, 428 P.2d 606 (1967).
In Pearce v. N.J. Highway Authority, 122 N.J. Super. 342 (App. Div. 1973), cited in Hornyak, supra, 63 N.J. at 104, the employee was injured on the Garden State Parkway while driving to her office. Her employer had furnished her with toll-free coupons to facilitate her use of the Parkway while traveling to and from work. The Appellate Division held that she came within the exception to the rule and was entitled to compensation. In the course of its opinion it noted that "the intrusion of an employer into his employee's travel habits, customs, or economics, necessarily implies some benefit to or for the employer no matter how altruistic may be other concomitant motivations." 122 N.J. Super. at 346.
In the case at hand the employee Ricciardi lived in West Keansburg and worked for Aniero Concrete Company in Hackensack. It took him about an hour to get to work when using the Parkway, in contrast to almost an hour and three-quarters when using toll-free roads. When he was about to start on a new construction job in Hackensack for Aniero, he told his employer that "it was costing me too much money, you know, to travel back and forth to work." His employer agreed that he would pay him $10 a week for travel expense which would cover his tolls on the Parkway. The $10 weekly payment was thereafter always made by check whereas his *66 weekly wages were paid in cash. It seems to me that in line with Pearce (122 N.J. Super. 342) this travel payment, which was clearly designed to foster the continuance of the employment relationship to the benefit of both the employer and the employee, was sufficient to bring the employee within the exception to the going and coming rule so that, even if that rule is not now abandoned, the employee here is nonetheless justly entitled to be compensated under the broad terms and liberal intendment of our Workmen's Compensation Act.
I vote to affirm.
PASHMAN, J. (concurring in dissent).
I agree with the dissent insofar as it concludes that Ricciardi is entitled to compensation under the liberally interpreted terms of the Workmen's Compensation Act. However, I will defer consideration of the complete abandonment of the "going and coming rule" to another day.
I vote to affirm the majority in the Appellate Division.
For reversal  Justices HALL, SULLIVAN and CLIFFORD and Judges CONFORD and COLLESTER  5.
For affirmance  Justices JACOBS and PASHMAN  2.
NOTES
[1] Workmen's compensation is not allowed where the employer's agreement to compensate for travel does not include the segment of the trip home during which the employee is injured. Morris v. Herrmann Forwarding Co., 18 N.J. 195 (1955).
[2] The court brushed aside the petitioner's argument that the accident had occurred on the employer's property  the highway. (122 N.J. Super. at 344).