194 N.J. Super. 278 (1984)
476 A.2d 858
STEPHEN NEBESNE, PETITIONER-RESPONDENT,
v.
G.M. CROCETTI, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 30, 1983.
Decided June 14, 1984.
*279 Before Judges FRITZ, FURMAN and DEIGHAN.
Richard A. DeMichele, attorney for appellant (Alfred P. Vitarelli, on the brief).
Lomell, Muccifori, Adler, Ravaschiere & Amabile, attorneys for respondent (A. Thomas Amabile, on the brief).
The opinion of the court was delivered by FRITZ, P.J.A.D.
The issue presented in this appeal by an employer from an adverse judgment in the Division of Workers' Compensation is a narrow one. It involves only a determination of the intent of the Legislature when it amended the Workers' Compensation Act in 1980 to include as within the employment the time spent traveling to and from a job site if the employee was paid travel time by the employer for that time. N.J.S.A. 34:15-36. In the matter before us the judge of compensation held that an amount paid the employee for traveling expenses, measured in the context of the car pooling involved, would have adequately compensated him for his actual entire out-of-pocket travel expense. As a result the judge concluded that the injuries arose out of and in the course of the employment. We come to a different conclusion on these facts as a matter of law and we reverse.
The matter of the payment of compensation for travel as implicating compensability of travel injuries was considered in substantial fashion by the appellate courts of this State prior to the 1980 amendment. In Filson v. Bell Tel. Labs., Inc., 82 *280 N.J. Super. 185 (App.Div. 1964) we held that the furnishing of transportation by an agreement to reimburse the employee for the use of his automobile resulted in the employee being "protected by our Compensation Act during that travel." Id. at 199. In Watkins v. Cowenhoven, 90 N.J. Super. 17 (App.Div. 1965), certif. den. 46 N.J. 538 (1966), the Appellate Division held that a $1 payment to a domestic for "carfare" was in fact "merely added compensation" whereby the travel accident "did not arise out of or in the course of [petitioner's] employment." Id., 90 N.J. Super. at 21. In Pearce v. N.J. Highway Authority, 122 N.J. Super. 342 (App.Div. 1973) we opined that "the intrusion of an employer into his employee's travel habits, customs, or economics, necessarily implies some benefit to or for the employer," and decided accordingly that the furnishing of toll-free coupons to petitioner by her employer to facilitate her use of the Garden State Parkway brought her travel accident within the arising out of and in the course of the employment qualification. Id. at 346. Other cases are collected in Pearce. In Ricciardi v. Aniero Concrete Co., 64 N.J. 60 (1973) the Supreme Court, citing most of the transportation cases collected in Pearce and others, endeavored to identify, describe and limit a practical rule which would not compromise "the noncompensable area where the arrangement is really part of the work-remuneration rather than provision for transportation." Id. at 62. It did this by permitting escape from the so-called going and coming rule (which denied compensability for travel accidents) only in cases where "the employer reimburses [the employee] for all or substantially all of the total expense involved." Ibid. This final word clearly set the ground rules. If the payment for travel expenses, whatever it was called, was merely added compensation, the going and coming immunity applied and without the application of a different historical exception, the travel accident was not compensable. But if all or substantially all of the travel expenses were reimbursed then accidents occurring during travel were *281 deemed to have arisen out of and in the course of the employment, the going and coming rule was irrelevant and the injuries were compensable. In its brief opinion the Ricciardi court acknowledged this to be necessary pragmatism.
The Legislature is presumed to be "thoroughly conversant with its own legislation and the judicial construction of its statutes." Brewer v. Porch, 53 N.J. 167, 174 (1969). Yet with this knowledge, it enacted L. 1979, c. 283, § 12, bringing travel within the employment in cases where the employee is "paid travel time by an employer for time spent traveling to and from a job site." The plain language of the legislation rejects the Ricciardi formula (and all the other variations on the theme) and substitutes its own pragmatism, i.e., compensability in cases where there has been payment for the time spent in the traveling. The legislative theory and intent is clear. Regardless of make-whole reimbursement for expenses, a traveling employee is not in the course of his employment and any accident does not arise out of that employment unless the employee is receiving employment wages for the time thus spent traveling. For us to impute any other meaning to these unambiguous words under the guise of "liberal construction" would constitute judicial legislation.
Relying on the Ricciardi formula and distinguishing this case factually from the noncompensability there, the judge of compensation here found that "the $50.00 paid petitioner weekly would have adequately compensated him for his actual entire out-of-pocket travel expense." We believe that such a judgment was an anachronism in light of N.J.S.A. 34:15-36 as amended by L. 1979, c. 283, § 12.
There being no finding of payment for travel time and indeed, no evidence of that fact, we reverse and remand for the entry of a judgment dismissing the claim petition. No costs to either party on the appeal.