942 A.2d 107 (2008)
398 N.J. Super. 441
Dale SCOTT, Petitioner-Respondent,
v.
FOODARAMA SUPERMARKETS, Respondent-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued January 7, 2008.
Decided February 27, 2008.
*108 Richard J. Williams, Jr., Morristown, argued the cause for appellant (McElroy, Deutsch, Mulvaney & Carpenter, attorneys; Michael J. Marone, of counsel; Mr. Williams, on the brief).
Michael D. Kirby, Toms River, argued the cause for respondent (Rosenberg, Kirby, Cahill & Stankowitz, attorneys; Derek L. Richardson, on the brief).
Before Judges COLLESTER, C.S. FISHER[1] and C.L. MINIMAN.
The opinion of the court is delivered by
*109 MINIMAN, J.A.D.
Foodarama Supermarkets (Foodarama) appeals from an order requiring it to pay temporary disability and medical benefits to its employee, petitioner Dale Scott, based on a finding of a work-related accident. We reverse.
Scott is one of ten salaried, undercover loss-prevention officers for Foodarama. He and the other officers are required to work at least forty-eight hours per week and are not paid any additional compensation for work in excess of forty-eight hours. His time is clocked from check-in to departure. Foodarama is a chain of twenty-four supermarkets throughout central New Jersey and Scott was assigned to stores on a rotating basis so that he would not become familiar to shoppers. Scott is reimbursed for gasoline, tolls and out-of-pocket expenses. He also receives $200 a month for wear and tear on his car and that amount is included in his salary. He is entitled to reimbursement for gasoline for his entire round trip from home to work and back as well as trips between stores during his workday. Scott testified that "when I leave my house I'm technically working." No one testified on behalf of Foodarama.
On the night of November 11, 2005, Scott was traveling home from work and was involved in an accident. He injured his right knee and lower back, fractured his nose, and lacerated his spleen, requiring surgical removal. He moved for temporary disability and medical benefits and the judge conducted a plenary hearing at which the judge determined that Scott was acting in the course of his employment at the time of the accident because he was paid by the mile.
Foodarama contends on appeal that Scott was not paid wages for his travel time but only expenses and thus was not within the course of his employment traveling to and from work. It asserts that the judge of workers' compensation incorrectly applied N.J.S.A. 34:15-36 to the facts of this case.
The standard for appellate review of a determination of a judge of compensation is equivalent to that used for review of any nonjury case. Brock v. Pub. Sera Elec. & Gas Co., 149 N.J. 378, 383, 693 A.2d 894 (1997) (citations omitted). We may not substitute our own fact-finding for that of the judge of compensation, even if we are inclined to do so. Lombardo v. Revlon, Inc., 328 N.J.Super. 484, 488, 746 A.2d 475 (App.Div.2000). Rather, we will only decide "`whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering the proofs as a whole.'" Close v. Kordulak Bros., 44 N.J. 589, 599, 210 A.2d 753 (1965) (citation omitted). This court must give "due regard to the opportunity of the one who heard the witnesses to judge of their credibility[,]" and, where an agency's expertise is a factor, give due regard to that expertise. Ibid.
In De Angelo v. Alsan Masons, Inc., 122 N.J.Super. 88, 89-90, 299 A.2d 90 (App.Div.), aff'd o.b., 62 N.J. 581, 303 A.2d 883 (1973), we recognized that appellate review is limited "to a determination of whether the findings of the judge of compensation could reasonably have been reached on sufficient credible evidence *110 present in the whole record, after giving due weight to his expertise in the field and his opportunity of hearing and seeing the witnesses."
The Workers' Compensation Act, N.J.S.A. 34:15-1 to -128 defines "course of employment" as follows:
Employment shall be deemed to commence when an employee arrives at the employee's place of employment to report to work and shall terminate when the employee leaves the employer's place of employment, excluding areas not under the control of the employer; provided, however, when the employee is required by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the direct performance of duties assigned or directed by the employer; but the employment of employee paid travel time by the employer for time spent traveling to and from a job site . . . shall commence and terminate with the time spent traveling to and from a job site. . . .
[N.J.S.A. 34:15-36 (emphasis added).]
The statute recognizes two types of employment. "On-premises employment (as its terminology directly implies) begins when the employee gets to the place where he or she works (to the premises), and ends when the employee leaves that place; off-premises employment, however, relates to the doing of the work `assigned or directed by the employer.'" Jumpp v. City of Ventnor, 177 N.J. 470, 480, 828 A.2d 905 (2003). Both types of employees are treated the same.
Simply put, on-premises employees are not within the scope of employment until they arrive at the employer's place of business, and they shed that status when they depart. Because off-premises employees may not report to a single "premises," the statute provides that they are to be compensated only for accidents occurring in the direct performance of their duties.
[Id. at 483, 828 A.2d 905.]
Generally, accidents occurring while an employee is traveling to and from work are not considered within the course of employment unless "the employee is engaged in the direct performance of duties assigned or directed by the employer." N.J.S.A. 34:15-36. This general rule has long been known as the "going and coming rule." Cressey v. Campus Chefs, Div. of CVI Serv., Inc., 204 N.J.Super. 337, 342, 498 A.2d 1274 (App.Div.1985) ("The `going and coming rule' is a rule of workers' compensation which denies compensation for injuries incurred while traveling to and from work.") (citing Hammond v. The Great Atl. & Pac. Tea Co., 56 N.J. 7, 11, 264 A.2d 204 (1970); 1 Larson, The Law of Workmen's Compensation, § 15.11 (1985)).[2] The rule limits recovery to those injured on the employer's premises. This has become known as the "premises rule." Ibid. (citing Larson, supra, at § 15.12a); see also Novis v. Rosenbluth Travel, 138 N.J. 92, 96, 649 A.2d 69 (1994); Zelasko v. Refrigerated Food Express, 128 N.J. 329, 336, 608 A.2d 231 (1992); Manzo v. Amalgamated Indus. Union Local 76B, 241 N.J.Super. 604, 613-14, 575 A.2d 903 (App.Div.), certif. denied, 122 N.J. 372, 585 *111 A.2d 379 (1990); Plodzien v. Twp. of Edison Police Dep't, 228 N.J.Super. 129, 134, 549 A.2d 59 (App.Div.), certif. denied, 113 N.J. 655, 552 A.2d 177 (1988).
There is, however, an exception to this rule. The "travel-time" exception provides workers' compensation coverage to employees who are paid for their travel time to and from distant work sites even though they may not be in the direct performance of their duties. Brown v. Am. Red Cross, 272 N.J.Super. 173, 179, 639 A.2d 407 (App.Div.1994).
This exception affords portal-to-portal coverage for employees "paid for travel time to and from a distant job site." Zelasko, [supra,], 128 N.J. at 336[, 608 A.2d 231]. It is rooted in the concept that the paid-for journey itself is part of the services provided by the employee. 1 Arthur Larson, The Law of Workmen's Compensation, § 16.21 (1990). "When the employee is paid an identifiable amount as compensation for time spent in a going or coming trip, the trip is within the course of employment." Ibid. See also, Nebesne [v. Crocetti, 194 N.J.Super.278,] 281[, 476 A.2d 858 (App. Div.1984) ] ("a traveling employee is not in the course of his employment and any accident does not arise out of that employment unless the employee is receiving employment wages for the time thus spent traveling"). (Emphasis added).
[Ibid.]
We further held that
when an employee has no conventional "place of employment," the Legislature intended to cover an employee when the parties' contract of employment provides, as an inducement for employment, for the payment of wages for travel to and from the employee's residence and the employer's job site. To hold otherwise would render a body of employees, paid for their travel time, without coverage simply because the nature of their work does not contemplate such a conventional place of employment. So long as the added remuneration is "identifiable" as travel time, Larson, § 16.21, the travel directly benefits the employer and the employee is traveling directly to or from his or her home and the designated job site, coverage should be afforded.
[Id. at 181, 639 A.2d 407.]
Applying these principles, we found that a traveling phlebotomist who was paid for her travel time in excess of thirty minutes was engaged in the course of her employment when she was involved in an accident while traveling to a job site. Ibid.
However, Scott was not paid for his travel time. He was only reimbursed for his actual gasoline consumption plus tolls and wear and tear on his vehicle. This case is factually very similar to the facts in Nebesne v. Crocetti, 194 N.J.Super. 278, 476 A.2d 858 (App.Div.1984). There, Nebesne, like Scott, was a salaried employee, who received $50 per week for travel expenses, which the judge of compensation concluded was sufficient to cover all of his travel expenses. Id. at 281, 476 A.2d 858. In doing so, the judge relied on Ricciardi, supra, 64 N.J. at 62, 312 A.2d 139, which allowed compensation for accidents occurring during travel where the employee was wholly reimbursed. Nebesne, supra, 194 N.J.Super. at 280, 476 A.2d 858. However, we found that the rule of Ricciardi was an anachronism in light of the 1979 amendment to N.J.S.A. 34:15-36, confining the exception to the going-and-coming rule to employees who were paid wages for their travel time. 64 N.J. at 281, 315 A.2d 25.
Regardless of make-whole reimbursement for expenses, a traveling employee is not in the course of his employment and any accident does not arise out of that employment unless the employee is *112 receiving employment wages for the time thus spent traveling. For us to impute any other meaning to these unambiguous words under the guise of "liberal construction" would constitute judicial legislation.
[Ibid.]
Since we decided Nebesne, the Legislature has revised N.J.S.A. 39:15-36 on five occasions without reinstating the Ricciardi exception to the going-and-coming rule. P.L. 1981, c. 413, § 6; P.L. 1986, c. 35; P.L. 1989, c. 227; P.L. 1994, c. 74; P.L. 1999, c. 383. "The construction of a statute by the courts, supported by long acquiescence on the part of the Legislature, or why continued use of the same language or failure to amend the statute, is evidence that such construction is in accordance with the legislative intent." Lemke v. Bailey, 41 N.J. 295, 301, 196 A.2d 523 (1963). Thus, we conclude that our interpretation of the statute in Nebesne is consistent with the legislative intent. We see no reason to now depart from this holding.
We are not persuaded by Scott's claim that he was paid wages for his travel time. He clearly testified that the $200 monthly payment was for wear and tear on his vehicle and even though it was included in his paycheck, he admitted that it was not for his time in traveling to and from work. He was, however, paid for his travel time between stores because he was entitled to count that time toward his minimum forty-eight hour workweek.
We are also unpersuaded by his effort to claim that he was using "an employer-authorized vehicle." This argument does not appear to have been advanced before the judge of compensation. Furthermore, the Supreme Court in Zelasko, supra, 128 N.J. at 339-40, 608 A.2d 231, rejected just such a claim, holding that an employee-owned vehicle was not "an authorized vehicle" when it was being used on business authorized by the employer.
Reversed.
NOTES
[1] With the consent of counsel, Judge Fisher, although not present at oral argument, has been added for the purpose of publication.
[2] Prior to the 1979 amendment to N.J.S.A. 34:15-36, which defined "employment" for the first time in the Workers' Compensation Act, a judicially created exception to the common-law going-and-coming rule permitted benefits for accidents occurring during travel to and from work if the employer reimbursed the employee for all or substantially all of the employee's travel expenses. Ricciardi v. Aniero Concrete Co., 64 N.J. 60, 62, 312 A.2d 139 (1973). This exception was eliminated by the language of the 1979 amendment.